# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SHELBY COUNTY, ALABAMA

               Plaintiff,

                                 Civil Action No. 1:10-cv-00651-JDB

v.

ERIC H. HOLDER, JR.,
in his official capacity as
ATTORNEY GENERAL OF THE
UNITED STATES,

               Defendant.

## DECLARATION OF FRANK C. ELLIS, JR.

Frank C. Ellis, Jr., pursuant to 28 U.S.C. § 1746, declares the following:

1.     I am an individual over twenty-one years of age, and of sound mind, who has never been convicted of a felony, is capable of making this declaration, and am fully competent to declare as to the matters stated herein.

2.     I am an attorney admitted to practice before all courts in the State of Alabama. I am a partner at the law firm of Wallace, Ellis, Fowler & Head, and maintain an office in Columbiana, Alabama.

3.     Since 1964, I have been the County Attorney for Shelby County, Alabama.

4.     I am personally acquainted with the facts herein stated by reason of performance of my service as County Attorney and based on my review of Shelby County records with respect to its compliance with Section 5 of the Voting Rights Act ("VRA").

5.   Shelby County has been subject to Section 5 of the VRA since August 7, 1965, when, pursuant to Section 4(b) of the VRA: (a) the Attorney General determined that, as of November 1, 1964, the State of Alabama was using one or more prohibited tests or devices; and (b) the Director of the Census determined that less than 50 percent of the persons of voting age residing in Alabama voted in the presidential election of November 1964.  *See* 42 U.S.C. § 1973b(b)-(c); Determination of the Attorney General Pursuant to Section 4(b)(1) of the Voting Rights Act of 1965, 30 Fed. Reg. 9897 (Aug. 7, 1965); Determination of the Director of the Census Pursuant to Section 4(b)(2) of the Voting Rights Act of 1965 (Pub. L. No. 89-110), 30 Fed. Reg. 9897 (Aug. 7, 1965).

6.   Under Section 4(b) of the VRA, Shelby County must seek preclearance under Section 5 of the VRA for all proposed voting changes.

7.   In the last ten years, Shelby County has sought preclearance numerous times, expended significant taxpayer dollars, time, and energy to meet its obligations under Section 5 of the VRA, and has had at least one election delayed in order to ensure compliance with the preclearance obligations of Section 5 of the VRA.

8.   Because Section 5 of the VRA requires that even the most minor voting changes must be precleared by the Department of Justice, Shelby County reasonably anticipates that it will have to seek preclearance in the near future.  Shelby County anticipates that, among other reasons, the districting changes triggered by the decennial census, as well as routine voting changes related to local elections and zoning, will require it to seek preclearance in the near future.

9.   A covered jurisdiction is ineligible for bailout under Section 4(a) of the VRA unless "[a]ll changes affecting voting have been reviewed under Section 5 prior to their

implementation." United States Department of Justice, Civil Rights Division, Section 4 of the Voting Rights Act, http://www.justice.gov/crt/voting/misc/sec_ 4.php (last visited June 1, 2010). On April 9, 2002, Shelby County held a referendum election under a law that had not been precleared. *See* Letter from Joseph D. Rich, Chief, Voting Section, U.S. Department of Justice Civil Rights Division, to Frank C. Ellis, Jr., Esq., and Dorman Walker, Esq. (Oct. 9, 2003) (Ex. A). The referendum election was later precleared by the Department of Justice. *See id.*

10.    A "political subdivision" is ineligible for bailout under Section 4(a) of the VRA if the Attorney General has interposed an objection under Section 5 of the VRA during the past ten years to any change submitted for preclearance by "any governmental unit within its territory." 42 U.S.C. § 1973b(a)(1)(E). On August 25, 2008, the Attorney General interposed an objection under Section 5 of the VRA to certain voting changes submitted for preclearance by the City of Calera, Alabama. *See* Consent Decree at 2-3, *United States v. City of Calera*, No. 08-1982 (N.D. Ala. Oct. 29, 2008) (Ex. B). The City of Calera is a "governmental unit" within the territory of Shelby County. 42 U.S.C. § 1973b(a)(1)(E).

11.    According to data made publicly available by the U.S. Census Bureau, in 2000, the voting-age population of Shelby County was 105,673. In the November 2000 presidential election, 88,470 persons were registered to vote and 62,128 persons cast ballots in Shelby County. Thus, Shelby County had a registration rate of 83.7% and a voter turnout rate of 58.8%. According to data made publicly available by the U.S. Census Bureau, in 2004, the voting-age population of Shelby County was 120,886. In the November 2004 presidential election, 98,549 persons were registered to vote and 78,906

persons cast ballots in Shelby County.   Thus, Shelby County had a registration rate of 81.5% and a voter turnout rate of 65.3%.

I declare under penalty of perjury that the foregoing is true and correct.   Executed on this day, June 7, 2010.

_____
Frank C. Ellis, Jr.