**EXHIBIT A**

Letter from Joseph D. Rich, Chief, Voting Section, U.S. Department of Justice Civil Rights Division, to Frank C. Ellis, Jr., Esq., and Dorman Walker, Esq. (Oct. 9, 2003)

Civil Action No. 1:10-cv-00651-JDB



U.S. Department of Justice

Civil Rights Division

JDR:MJP:SMC:nj
DJ 166-012-3
2003-3150

*Voting Section - NWB*
*950 Pennsylvania Avenue, N.W., Room 7254*
*Washington, DC 20530*

October 9, 2003

Frank C. Ellis, Jr., Esq.
Dorman Walker, Esq.
Balch & Bingham
P.O. Box 78
Montgomery, Alabama 36101-3515

Dear Messrs. Ellis and Walker:

    This refers to Act No. 65-816, which sets forth the petition requirements, the date, the notice procedures, and the ballot format for the special referendum elections that are required on whether to extend the jurisdiction of the Shelby County Planning Commission; Act Nos. 82-693 and 82-771, which re-adopt the changes set forth in Act No. 65-816; Act Nos. 84-454, 84-484, and 85-465, insofar as they limit the frequency with which the county may conduct special referendum elections on extending the jurisdiction of the planning commission; Act No. 87-771, which changes the qualifications for appointed members of the planning commission; Act No. 89-673, which changes the qualifications for planning commissioners, and the jurisdiction and operating procedures of the planning commission; Act No. 92-417, which changes the frequency with which the county may conduct special referendum elections on extending the jurisdiction of the planning commission and changes the petition requirements for calling such elections; and the procedures for conducting eight special referendum elections (held between April 12, 1980, and April 9, 2002) for Shelby County, Alabama, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. 1973c. We received your submission on August 27, 2003.

    Our analysis indicates that Act Nos. 87-771 and 89-673 do not contain changes that affect voting and, therefore, are not subject to the preclearance requirement of Section 5. Accordingly, no determination by the Attorney General is required or appropriate under Section 5 concerning these matters. See the Procedures for the Administration of Section 5 (28 C.F.R. 51.2, 51.12, 51.13, and 51.35).

- 2 -

The Attorney General does not interpose any objection to the remaining specified changes. However, we note that Section 5 expressly provides that the failure of the Attorney General to object does not bar subsequent litigation to enjoin the enforcement of the changes. See 28 C.F.R. 51.41.

Since the Section 5 status of this matter is before the court in <u>Watson</u> v. <u>Fuhrmeister</u>, C.A. No. 03-BE-1960-S (N.D. Ala.), we are providing a copy of this letter to the court and counsel of record in that case.

                                Sincerely,

                                Joseph D. Rich
                                Chief, Voting Section


cc:   The Honorable Karon O. Bowdre
      Mary Lee Abele, Esq.