# EXHIBIT B

Consent Decree, *United States v. City of Calera*, No. 08-1982 (N.D. Ala. Oct. 29, 2008)

Civil Action No. 1:10-cv-00651-JDB

Case 2:10-cv-00651-KOB Document 54 Filed 06/08/10 Page 2 of 8
Case 2:08-cv-01982-KOB Document 54 Filed 10/29/08 Page 1 of 7
FILED
2008 Oct-29 PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2008 OCT 24 PM 3:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE CITY OF CALERA, ALABAMA, )<br>et al.; )<br>Defendants. )<br>)<br>_____ ) | CIVIL ACTION NO.<br><br>**CONSENT DECREE**<br><br>Three-Judge District Court<br><br>CV-08-BE-1982-S |

The Attorney General of the United States of America ("Attorney General") filed this action pursuant to Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973c (Section 5"). The Court has jurisdiction of this action pursuant to 28 U.S.C. 1345 and 42 U.S.C. 1973C and 1973j(f). In accordance with the provisions of 42 U.S.C. 1973c and 28 U.S.C. 2284, the Section 5 claim must be heard and determined by a court of three judges. The events relevant to this action occurred in the City of Calera, Alabama, which is located in the United States District Court for the Northern District of Alabama, Southern Division. See 28 U.S.C. 124.

The Attorney General, representing plaintiff United States of America, is charged by the Voting Rights Act with the statutory responsibility both for the Act's administrative preclearance process, and with bringing actions in Federal court to enforce the Act's requirements. See 42 U.S.C. 1973j(d).

The State of Alabama and its subdivisions are subject to the preclearance requirements of Section 5. See 42 U.S.C. 1973c; see also 28 C.F.R. Part 51, Appendix. Section 5 provides that any "voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting" different from that in force or effect in the State of Alabama or its subdivisions

on November 1, 1964, may not be lawfully implemented unless such change has been submitted to the Attorney General, and the Attorney General has not interposed an objection within sixty days, or the jurisdiction obtains a declaratory judgment from the United States District Court for the District of Columbia that the change does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group. See 42 U.S.C. 1973c.

Defendant City of Calera ("City") is a subdivision of the State of Alabama and is therefore subject to the Section 5 preclearance requirements. The City is governed by a mayor, elected at large, and a five-member city council, elected from five single-member districts, each for four-year concurrent terms.

Defendant Mayor and City Council members are the governing body for the City and, along with the City Clerk, are responsible for implementing and administering voting changes and conducting elections for the City.

On March 18, 2008, the City submitted for Section 5 review 177 annexations to the district boundaries of the City that had been implemented between 1993 and 2008 and a concomitant redistricting plan which provided for a change in the boundaries of the City Council's voting districts. On May 7, 2008, the Attorney General informed the City of Calera that determination was not possible in that supplementary information was required. On July 24, 2008, the City submitted that additional information to enable the Attorney General to conduct his review.

On August 25, 2008, the Attorney General interposed a timely objection under Section 5 to the submitted annexations to the City of Calera's redistricting plan and the 177 annexations on

2

the grounds that the submitting authority had failed to meet its burden of establishing that the proposed changes would not have a discriminatory purpose or effect on minority voters.

On August 26, and October 7, 2008, the City proceeded with municipal elections using the district boundaries and electorate that included the annexations objected to by the Attorney General under Section 5 of the Voting Rights Act.

To avoid protracted and costly litigation, the parties have agreed that this lawsuit should be resolved through the terms of this Consent Decree ("Decree"). Accordingly, the United States and the Defendants hereby consent to the entry of this Decree, as indicated by the signatures of counsel at the end of this Decree. The parties waive a hearing and entry of findings of fact and conclusions of law on all issues involved in this matter. Each party shall bear its own costs and fees. Defendants are committed to fully complying with all the Section 5 preclearance requirements in the future. Accordingly, the United States and Defendants stipulate and agree to the following:

1. The City of Calera, Alabama is a covered jurisdiction within the meaning of Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973c.

2. The 177 annexations and the concomitant redistricting plan submitted by the City of Calera to the Attorney General constitute voting changes within the meaning of Section 5. The voting changes are legally unenforceable unless they receive the requisite preclearance under Section 5 of the Voting Rights Act. See Clark v. Roemer, 500 U.S. 649 (1991); 28 C.F.R. 51.10.

3. On August 25, 2008, the Attorney General interposed a timely objection to the 177 annexations and the concomitant redistricting plan submitted by the City of Calera. These annexations and the redistricting plan have not received preclearance from the United States

3

District Court for the District of Columbia or the United States Attorney General, as required under Section 5 of the Voting Rights Act.

4. Defendants' conducted the August 26, and October 7, 2008, City of Calera municipal elections based on the unprecleared voting changes, including the annexations and the concomitant redistricting plan. The candidates who prevailed in those elections would be sworn into office on November 3, 2008.

5. Irreparable harm would be caused by Defendants' continued administration and implementation of the unprecleared voting changes.

6. On September 16, 2008, Defendants sought reconsideration of the August 25, 2008, objection, and the Attorney General has committed to providing a decision by no later than November 17, 2008. The Attorney General will issue a decision by October 31, 2008, if it is possible.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. In the event that the Attorney General withdraws the August 25, 2008, objection, the United States agrees that the necessary Section 5 preclearance will have been obtained, and the candidates prevailing in the August 26, and October 7, 2008 elections may be sworn into office.

2. In the event that the Attorney General has not made a decision by October 31, 2008, the Defendants, their agents, their successors in office, and all persons acting in concert with them, are ENJOINED from allowing the candidates prevailing in the August 26, and October 7, 2008 elections to be sworn into office, unless the Attorney General subsequently withdraws the August 25, 2008 objection, or unless the United States District Court for the

District of Columbia preclears the annexations and redistricting plan.

3. In the event that the Attorney General continues the August 25, 2008, objection, Defendants, their agents, their successors in office, and all persons acting in concert with them, are PERMANENTLY ENJOINED from allowing the candidates prevailing in the August 26, and October 7, 2008 elections to be sworn into office, unless the Attorney General subsequently withdraws the August 25, 2008 objection, or unless the United States District Court for the District of Columbia preclears the annexations and redistricting plan.

4. Defendants, their agents, their successors in office, and all persons acting in concert with them, are ENJOINED from administering or attempting to administer any election using the 177 annexations and concomitant redistricting plan until Defendants obtain Section 5 preclearance.

5. If the August 25, 2008 objection is not withdrawn, Defendants shall reschedule the August 26, and October 7, 2008 municipal elections to a special election date in 2009. Defendants shall follow state law requirements in conducting the election, and Defendants shall submit the special election date for the necessary Section 5 preclearance.

6. This decree is final and binding between the parties and their successors in office regarding the claims raised in this action. This Decree shall remain in effect through December 31, 2009, or until the annexations and redistricting plan are precleared, whichever occurs first.

7. The Court shall retain jurisdiction of this case to enter further relief or such other orders as may be necessary for the effectuation of the terms of this agreement and to ensure compliance with Section 5 of the Voting Rights Act.

5

Agreed to this 29 day of October, 2008.

AGREED AND CONSENTED TO:

For Plaintiff:

MICHAEL B. MUKASEY
Attorney General

*/s/ Grace Chung Becker*
GRACE CHUNG BECKER
Acting Assistant Attorney General
Civil Rights Division

*/s/ Christopher Coates*
CHRISTOPHER COATES
Chief, Voting Section
TIMOTHY F. MELLETT
CHRISTY A. McCORMICK
Attorneys
United States Department of Justice
Civil Rights Division
Voting Section
950 Pennsylvania Avenue, NW
Room NWB-7254
Washington, DC 20530
Telephone: (202) 305-0609
Facsimile: (202) 307-3961
christy.mccormick@usdoj.gov

ALICE H. MARTIN
United States Attorney

*/s/ Sharon D. Kelly*
Sharon D. Kelly
Chief, Civil Division
U. S. Attorneys Office

For Defendants:

*/s/ Frank Ellis*
FRANK ELLIS, Esq.
Wallace, Ellis, Fowler & Head
P.O. Box 587
Columbiana, Alabama 35051

## JUDGEMENT AND ORDER

This Court, having considered the United States' claim under Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973c, and having determined that it has jurisdiction over this claim, has considered the terms of the Consent Decree, and hereby enters the relief set forth above and incorporates those terms herein.

ENTERED and ORDERED this 29th day of October, 2008.

*Rosemary Barkett*
UNITED STATES CIRCUIT JUDGE
by KOB with permission

_____
UNITED STATES DISTRICT JUDGE

_____
UNITED STATES DISTRICT JUDGE