IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHELBY COUNTY, ALABAMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ERIC H. HOLDER, JR., | ) |
| in his official capacity as ATTORNEY | ) |
| GENERAL OF THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

CIVIL NO. 1:10-cv-00651-JDB

## ANSWER

Defendant Attorney General of the United States (hereinafter "Defendant"), in his official

capacity, by counsel, hereby answers each of the numbered paragraphs of the Complaint (Docket

#1) filed by the Plaintiff in the above-styled action as follows:

1.     Defendant admits the allegations in paragraph 1, but only to the extent that they

describe the claims the Plaintiff seeks to bring in this action.  The Defendant denies that Sections

4(b) and 5 are unconstitutional and denies that the Plaintiff is entitled to any relief on its claims.

2.     Defendant admits the allegations in paragraph 2.

3.     Defendant admits the allegations in paragraph 3.

4.     Defendant admits the allegations in paragraph 4, but only to the extent that 28

U.S.C 1331 grants federal courts original jurisdiction over civil actions arising under the

Constitution or laws of the United States and only to the extent that the United States District

Court for the District of Columbia is the only court in which an action can be brought seeking a

declaration of the unconstitutionality of a provision of the Voting Rights Act under Section

14(b), 42 U.S.C. 1973*l*(b).  The Defendant denies, however, that this Court has jurisdiction pursuant to 42 U.S.C. 1973c, since this is not an action brought under Section 5 of the Voting Rights Act.  Defendant further avers that this Court may lack subject matter jurisdiction over some or all of Plaintiff's claims due to Plaintiff's lack of standing and lack of ripeness of the issues presented.

5.      Defendant admits the allegations in paragraph 5 only to the extent that it seeks to characterize the relief sought by Plaintiff in this case, and only to the extent that 28 U.S.C. 2201 and 28 U.S.C. 2202 empower federal courts to fashion remedies in appropriate cases.  Defendant denies, however, Plaintiff is entitled to any relief in this action.

6.      Defendant admits the allegations in paragraph 6 only to the extent that the United States District Court for the District of Columbia is the only court in which an action can be brought seeking a declaration of the unconstitutionality of a provision of the Voting Rights Act under Section 14(b), 42 U.S.C. 1973*l*(b).

7.      The allegations in paragraph 7 contain statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 7 only to the extent that they purport to quote from portions of the Fifteenth Amendment to the United States Constitution.  Defendant avers that the United States Constitution speaks for itself.

8.      The allegations in paragraph 8 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 8 only to the extent that Congress enacted the Voting Rights Act in 1965 to enforce

2

the substantive guarantee of the Fifteenth Amendment.  Defendant avers that the Voting Rights Act and its legislative history speak for themselves.

9.     The allegations in paragraph 9 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, the Defendant responds to the allegations of paragraph 9 as follows.  Defendant admits the allegations of paragraph 9 only to the extent that they purport to quote from portions of Section 2 of the Voting Rights Act as enacted in 1965, only to the extent that Section 2 enforces the substantive guarantee of the Fifteenth Amendment, and only to the extent that Section 2 applies nationwide.  Defendant denies that Section 2 is the only provision of the Voting Rights Act that enforces the Fifteenth Amendment.  Defendant avers that the Voting Rights Act speaks for itself.

10.     The allegations in paragraph 10 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, the Defendant responds to the allegations of paragraph 10 as follows.  Defendant admits only that some provisions of the Voting Rights Act do not apply nationwide, but instead apply in certain jurisdictions (for which a specific coverage determination has been made) pursuant to a coverage formula established by the Voting Rights Act.  Defendant avers that a coverage formula is set forth in Section 4(b) of the Voting Rights Act, 42 U.S.C. 1973b(b), that determines which jurisdictions are subject to Section 5 of the Voting Rights Act, 42 U.S.C. 1973c.  The Defendant avers that the term "geographic 'coverage' formula" is ambiguous and therefore denies the allegations of paragraph 10 to the extent it uses that characterization.  Defendant avers that the Voting Rights Act speaks for itself.

a.      The allegations in paragraph 10(a) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 10(a) only to the extent that they purport to quote from provisions of the Voting Rights Act as originally enacted in 1965.  Defendant avers that the Voting Rights Act speaks for itself.

b.      The allegations in paragraph 10(b) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 10(b) only to the extent that they purport to quote from provisions of the Voting Rights Act as originally enacted in 1965.  Defendant avers that the Voting Rights Act speaks for itself.

c.      The allegations in paragraph 10(c) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 10(c) only to the extent that they purport to describe the initial coverage determinations made under the Voting Rights Act as originally enacted in 1965.  Defendant avers that it omits the citation to the coverage determinations made at 30 Fed. Reg. 14505 (Nov. 19, 1965).  Defendant avers that the Voting Rights Act, and the coverage determinations derived pursuant to the Voting Rights Act, speak for themselves.

11.     The allegations in paragraph 11 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 11 only to the extent that jurisdictions covered under Section 4(b) of the Act are subject to the preclearance requirements of Section 5 of the Voting Rights Act.  Defendant avers

4

that the Voting Rights Act, and the coverage determinations derived pursuant to the Voting

Rights Act, speak for themselves.

      a.     The allegations in paragraph 11(a) are statements of law and/or

conclusions of law to which no response is required.  If deemed to allege facts, Defendant

admits the allegations of paragraph 11(a) only to the extent that it seeks to describe

obligations of jurisdictions covered under the original coverage determinations in the first

sentence of Section 4(b) of the Act.  Defendant avers that the Voting Rights Act, and the

coverage determinations derived pursuant to the Voting Rights Act, speak for themselves.

      b.     The allegations in paragraph 11(b) are statements of law and/or

conclusions of law to which no response is required.  If deemed to allege facts, Defendant

admits the allegations of paragraph 11(b).  Defendant avers that the Voting Rights Act,

and the coverage determinations derived pursuant to the Voting Rights Act, speak for

themselves.

      c.     The allegations in paragraph 11(c) are statements of law and/or

conclusions of law to which no response is required.  If deemed to allege facts, Defendant

admits the allegations of paragraph 11(c) only to the extent that it seeks to describe the

Voting Rights Act as originally enacted in 1965.  Defendant avers that the Voting Rights

Act, and the coverage determinations derived pursuant to the Voting Rights Act, speak

for themselves.

12.     The allegations in paragraph 12 are statements of law and/or conclusions of law to

which no response is required.  If deemed to allege facts, Defendant admits the allegations of

paragraph 12 only to the extent that as originally enacted in 1965, the Voting Rights Act had a

mechanism through which covered jurisdictions could bail out of the temporary provisions of the Act through filing a declaratory judgment in this Court, that this Court would retain jurisdiction for a period of time after such declaratory judgments were granted, and that such actions were subject to the ability of the Attorney General to reopen the cases upon allegations of new voting rights violations.  Defendant otherwise denies the characterization in paragraph 12 that references "a 'claw back' mechanism."  Defendant avers that the Voting Rights Act speaks for itself.

      a.     The allegations in paragraphs 12(a) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 12(a) only to the extent that they purport to quote from the Voting Rights Act as originally enacted in 1965.  Defendant avers that it omits the language at the end of the first paragraph of Section 4(a) of the Voting Rights Act as originally enacted in 1965.  Defendant avers that the Voting Rights Act speaks for itself.

      b.     The allegations in paragraphs 12(b) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 12(b) only to the extent that they purport to quote from the Voting Rights Act as originally enacted in 1965.  Defendant avers that the Voting Rights Act speaks for itself.

13.     The allegations in paragraph 13 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 13 only to the extent that as originally enacted in 1965, and as subsequently reauthorized, Congress provided for time limits for the temporary provisions of the Voting

Rights Act such as Section 4(b) and Section 5.  Defendant avers that the Voting Rights Act speaks for itself.

14.     The allegations in paragraph 14 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 14 only to the extent that the Plaintiff seeks to characterize an opinion of the United States Supreme Court.  Defendant avers that the term "geographic 'coverage' formula" is ambiguous and therefore denies the allegations of paragraph 14 to the extent it uses that characterization.  Defendant avers that a coverage formula is set forth in Section 4(b) of the Voting Rights Act, 42 U.S.C. 1973b(b), that determines which jurisdictions are subject to Section 5 of the Voting Rights Act.  Defendant avers that the Voting Rights Act speaks for itself, as do opinions from the United States Supreme Court.

a.     The allegations in paragraph 14(a) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 14(a) only to the extent that they purport to quote from an opinion of the United States Supreme Court.  Defendant avers that the Voting Rights Act speaks for itself, as do opinions from the United States Supreme Court.

b.     The allegations in paragraph 14(b) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 14(b) only to the extent that they purport to quote from an opinion of the United States Supreme Court.  Defendant avers that the Voting Rights Act speaks for itself, as do opinions from the United States Supreme Court.

c.      The allegations in paragraph 14(c) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 14(c) only to the extent that they purport to quote from an opinion of the United States Supreme Court.  Defendant avers that the Voting Rights Act speaks for itself, as do opinions from the United States Supreme Court.

15.     The allegations in paragraph 15 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant denies the allegations in paragraph 15.  Defendant avers that, in 1970, Congress did not reauthorize the entire Voting Rights Act but, among other things, reauthorized certain temporary provisions of the Voting Rights Act.  Defendant further avers that the Voting Rights Act and its legislative history speak for themselves.

a.      The allegations in paragraph 15(a) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations in paragraph 15(a) only to the extent they purport to characterize the 1970 amendments to Section 4 of the Voting Rights Act.  Defendant further avers that the Voting Rights Act speaks for itself.

b.      The allegations in paragraph 15(b) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations in paragraph 15(b) only to the extent they purport to characterize the addition of Section 201 of the Voting Rights Act in 1970.  Defendant further avers that the Voting Rights Act speaks for itself.

c.      The allegations in paragraph 15(c) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant denies the allegations in paragraph 15(c) because it mischaracterizes the holding of the United States Supreme Court in *Georgia v. United States*, 411 U.S. 526 (1973).  Defendant avers that the opinion in *Georgia* did not address the "reauthorization of the VRA"; instead, among other things, it reaffirmed that Section 5 of the Voting Rights Act was within the authority granted to Congress under the Constitution.  Defendant avers that opinions of the United States Supreme Court speak for themselves.

16.      The allegations in paragraph 16 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant denies the allegations in paragraph 16.  Defendant avers that in 1975 Congress did not reauthorize the entire Voting Rights Act but, among other things, reauthorized certain provisions of the Voting Rights Act which were temporary.  Defendant further avers that the Voting Rights Act, including its legislative history, speak for themselves.

a.      The allegations in paragraph 16(a) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations in paragraph 16(a) only to the extent they purport to characterize the 1975 amendments to the Voting Rights Act.  Defendant avers that the Voting Rights Act speaks for itself.

b.      The allegations in paragraph 16(b) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations in paragraph 16(b) only to the extent they purport to characterize

9

the 1975 amendments to the Voting Rights Act.  Defendant avers that the Voting Rights Act speaks for itself.

      c.     The allegations in paragraph 16(c) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations in the first and second sentences of paragraph 16(c) only to the extent they purport to characterize the 1975 amendments to the Voting Rights Act.  Defendant denies the allegation in the third sentence of paragraph 16(c) as an incomplete statement of law regarding preclearance.  Defendant avers that in addition to seeking administrative preclearance from the Department of Justice, covered jurisdictions may also seek judicial preclearance from this Court.  Defendant avers that the Voting Rights Act speaks for itself.

      d.     The allegations in paragraph 16(d) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant denies the allegation in the first sentence of paragraph 16(d) since it is not a correct statement of law.  Defendant avers that in 1975 Congress did not reauthorize the entire Voting Rights Act but, among other things, reauthorized certain sections of the Voting Rights Act that were temporary and thus the allegation in this sentence mischaracterizes the holding of the Supreme Court in *City of Rome v. United States*, 446 U.S. 156 (1980). Defendant admits the allegations in the second, third, and fourth sentences of paragraph 16(d) only to the extent they purport to quote from portions of that Supreme Court case. Defendant avers that opinions of the United States Supreme Court speak for themselves.

17.     The allegations in paragraph 17 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant denies the allegation in the first sentence of paragraph 17.  Defendant avers that in 1982 Congress did not reauthorize the entire Voting Rights Act but, among other things, reauthorized certain temporary provisions of the Voting Rights Act.  Defendant admits the allegations in the second, third, and fourth sentences of paragraph 17 to the extent they purport to characterize the 1982 amendments to Section 4(a) of the Voting Rights Act that went into effect in 1984.  Defendant denies the allegations of paragraph 17 to the extent that it incorrectly characterizes that part of the 1982 amendments to Section 4(a) of the Voting Rights Act that governed bailout from 1982 to 1984.  Defendant avers that the Voting Rights Act, including its legislative history, speaks for itself.

18.     The allegations in paragraph 18 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations in paragraph 18 only to the extent they purport to quote from the 1982 amendments to Section 4(a) of the Voting Rights Act that went into effect in 1984.  Defendant avers that the Voting Rights Act speaks for itself.

a.     The allegations in paragraph 18(a) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations in paragraph 18(a) only to the extent they purport to quote from the 1982 amendments to Section 4(a) of the Voting Rights Act that went into effect in 1984. Defendant avers that the Voting Rights Act speaks for itself.

b.     The allegations in paragraph 18(b) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant

admits the allegations in paragraph 18(b) only to the extent they purport to quote from the 1982 amendments to Section 4(a) of the Voting Rights Act that went into effect in 1984. Defendant avers that the Voting Rights Act speaks for itself.

      c.      The allegations in paragraph 18(c) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant denies the allegations in paragraph 18(c), because it does not accurately quote from the 1982 amendments to Section 4(a) of the Voting Rights Act that went into effect in 1984. Defendant avers that the language regarding "observers" was added to Section 4(a) by the 2006 Voting Rights Act Reauthorization and Amendments Act.  Defendant avers that the Voting Rights Act speaks for itself.

      d.      The allegations in paragraph 18(d) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations in paragraph 18(d) only to the extent they purport to quote from the 1982 amendments to Section 4(a) of the Voting Rights Act that went into effect in 1984. Defendant avers that the Voting Rights Act speaks for itself.

      e.      The allegations in paragraph 18(e) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations in paragraph 18(e) only to the extent they purport to quote from the 1982 amendments to Section 4(a) of the Voting Rights Act that went into effect in 1984. Defendant avers that the Voting Rights Act speaks for itself.

      f.      The allegations in paragraph 18(f) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant

admits the allegations in paragraph 18(f) only to the extent they purport to quote from the 1982 amendments to Section 4(a) of the Voting Rights Act that went into effect in 1984. Defendant avers that the Voting Rights Act speaks for itself.

19.     The allegations in paragraph 19 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations in paragraph 19 only to the extent they purport to quote from the 1982 amendments to Section 4(a) of the Voting Rights Act that went into effect in 1984.  Defendant avers that the Voting Rights Act speaks for itself.

20.     The allegations in paragraph 20 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations in paragraph 20 only to the extent they purport to quote from the 1982 amendments to Section 4(a) of the Voting Rights Act that went into effect in 1984.  Defendant otherwise denies the characterizations in paragraph 20, in particular the allegation that the 1982 amendments "precluded bailout…."  Defendant avers that the Voting Rights Act speaks for itself.

21.     The allegations in paragraph 21 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations in paragraph 21 only to the extent they purport to quote from the 1982 amendments to Section 4(a) of the Voting Rights Act that went into effect in 1984.  Defendant otherwise denies the characterizations in paragraph 21, in particular the allegation that the 1982 amendments "expanded the 'claw back' provision…."  Defendant avers that the Voting Rights Act speaks for itself.

22.     The allegations in paragraph 22 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant denies the allegations in paragraph 22.  Defendant avers that in 2006, Congress did not reauthorize the entire Voting Rights Act but, among other things, reauthorized certain of the temporary provisions of the Voting Rights Act.  Defendant further avers that paragraph 22 mischaracterizes the 2006 reauthorization, which did make certain changes in Section 4 and Section 5 of the Voting Rights Act.  Defendant avers that the Voting Rights Act, including its legislative history, speaks for itself.

23.     The allegations in paragraph 23 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 23 only to the extent they purport to quote from H. Rep. No. 109-478.  Defendant avers that this one fact was part of a substantial record before Congress in 2006.  Defendant avers that the Voting Rights Act, including its legislative history, speaks for itself.

24.     The allegations in paragraph 24 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 24 only to the extent they purport to quote from H. Rep. No. 109-478.  Defendant avers that this one fact was part of a substantial record before Congress in 2006.  Defendant further avers that the Voting Rights Act, including its legislative history, speaks for itself.

25.     The allegations in paragraph 25 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 25 only to the extent that they purport to quote from S. Rep. 109-295. Defendant denies the quoted language can be found on pages 10-11 and avers the quoted language is on

page 11 of S. Rep. 109-295.  Defendant avers that this one fact was part of a substantial record before Congress in 2006.  Defendant avers that the Voting Rights Act, including its legislative history, speaks for itself.

26.     The allegations in paragraph 26 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 26 only to the extent that in 2006 Congress extended the temporary provisions of the Voting Rights Act for an additional 25 years and only to the extent they purport to quote from one of the findings in the 2006 Voting Rights Act Reauthorization and Amendments Act. Defendant avers that this one finding was part of a substantial record before Congress in 2006. Defendant further avers that the Voting Rights Act, including its legislative history, speaks for itself.

27.     The allegations in paragraph 27 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 27 only to the extent they purport to quote from one of the findings set forth in the 2006 Voting Rights Act Reauthorization and Amendments Act.  Defendant avers that this one finding was part of a substantial record before Congress in 2006.  Defendant further avers that the Voting Rights Act, including its legislative history, speaks for itself.

28.     The allegations in paragraph 28 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations in paragraph 28.  Defendant avers that the Voting Rights Act, and the coverage determinations derived pursuant to the Voting Rights Act, speak for themselves.

29.     The allegations in paragraph 29 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations in paragraph 29.  Defendant avers that the State of Alabama was covered under Section 4(b) of the Voting Rights Act and thus made subject to Section 5 of the Act because of its long history of official intentional discrimination in voting.

30.     The allegations in paragraph 30 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant lacks knowledge or information sufficient to form a belief about the speculative allegations referred to in paragraph 30, and therefore denies these allegations.  Defendant further avers Congress never intended the original coverage formula to serve as an ongoing "measure of an adequate level of political enfranchisement" of minority voters, such that when the criteria no longer applied, it would establish that "the discriminatory efforts had been sufficiently eradicated to warrant removing the safeguards which made the improvement possible."  Joint View of 10 Members of the Judiciary Committee Relating to Extension of the Voting Rights Act of 1965, 115 Cong. Rec. 5521 (1970).

31.     The allegations in paragraph 31 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant lacks knowledge or information sufficient to form a belief as to what is meant by the term "regularly" and further avers that that Section 5 of the Voting Rights Act covers only changes in voting practices and procedures, and therefore denies the allegations in paragraph 31.  Defendant avers that the Voting Rights Act, and the coverage determinations derived pursuant to the Voting Rights Act, speak for themselves.

16

32.     Defendant admits the allegations in paragraph 32 only to the extent that Shelby County has sought preclearance under Section 5 of the Voting Rights Act of voting changes during the past ten years.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the remainder of paragraph 32, and therefore denies these allegations.

33.     The allegations in paragraph 33 are speculative and Defendant lacks knowledge or information sufficient to form a belief as what voting changes will or will not occur and, if they do occur, when they will occur; as to what is meant by the term "regularly"; and, as to whether Shelby County may seek preclearance, and if so, when, and therefore, denies the allegations in paragraph 33.

34.     The allegations in paragraph 34 are speculative and are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant lacks knowledge or information sufficient to form a belief as to all of the circumstances relevant to whether the Plaintiff would be entitled to bail out under Section 4(a) of the Voting Rights Act, and therefore, denies the allegations in paragraph 34.

a.      The allegations in paragraph 34(a) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant lacks knowledge or information sufficient to form a belief as to all of the circumstances relevant to whether the Plaintiff would be entitled to bail out under Section 4(a) of the Voting Rights Act, and therefore denies the allegations in paragraph 34(a).  Defendant avers that he has consented, and this Court has approved, consent decrees that have allowed jurisdictions to "bail out" where there have been isolated instances of non-compliance with Section 5 of the Voting Rights Act.

17

i.      Defendant lacks knowledge or information sufficient to form a belief about the allegations in paragraph 34(a)(i), and therefore denies these allegations.  Defendant avers that Plaintiff made a submission under Section 5 of the Voting Rights Act of certain voting changes to the Defendant and that Defendant responded in a letter to dated October 9, 2003, and Defendant avers that this submission and that this response letter speak for themselves.

ii.      Defendant lacks knowledge or information sufficient to form a belief about the allegations in paragraph 34(a)(ii), and therefore denies these allegations.  Defendant avers that Plaintiff made a submission under Section 5 of the Voting Rights Act of certain voting changes to the Defendant and that Defendant responded in a letter to dated October 9, 2003, and Defendant avers that this submission and this response letter speak for themselves.

iii.      The allegations in paragraph 34(a)(iii) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations in the first sentence of paragraph 34(a)(iii) only to the extent that they purport to quote from the Department of Justice website (which itself paraphrases the language of Section 4(a) of the Voting Rights Act).  Further, if deemed to allege facts, Defendant lacks knowledge or information sufficient to form a belief as the ambiguous phrase "Although Plaintiff ultimately obtained preclearance" and therefore denies that allegation.  Further, if deemed to allege facts, Defendant lacks knowledge or information sufficient to form a belief as to all of the circumstances relevant to whether the Plaintiff would be entitled to

bail out under Section 4(a) of the Voting Rights Act, and therefore denies the remainder of the allegations in paragraph 34(a)(iii). Defendant avers that he has consented, and this Court has approved, consent decrees that have allowed jurisdictions to "bail out" where there have been isolated instances of non-compliance with Section 5 of the Voting Rights Act.

b.    The allegations in paragraph 34(b) are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Defendant lacks knowledge or information sufficient to form a belief as to all of the circumstances relevant to whether the Plaintiff would be entitled to bail out under Section 4(a) of the Voting Rights Act, and therefore denies the allegations in paragraph 34(b).

i.    Defendant admits the allegations in paragraph 34(b)(i).

ii.   Defendant admits the allegations in the first sentence in paragraph 34(b)(ii). The Defendant denies the allegations in the second sentence in paragraph 34(b)(ii) as an incomplete characterization of the circumstances. Defendant avers that the Attorney General interposed an objection under Section 5 of the Voting Rights Act because the City of Calera did not sustain its burden of showing that the proposed changes did not have a discriminatory purpose or effect, and avers that the objection letter speaks for itself. Defendant further avers that Defendant and the City of Calera entered into a consent decree and later a modified consent decree providing for an interim limited voting plan for the 2009 election and providing that Calera would develop and submit for preclearance a new voting plan based on the results of the 2010 Census. Defendant further avers

19

that the certain of the objections were later withdrawn by Defendant upon preclearance of the change in the method of election in Calera.  Defendant avers that the Attorney General's letters to Calera, and the consent decree and the modified consent decree speak for themselves.

   iii. The allegations in paragraph 34(a)(iii) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant lacks knowledge or information sufficient to form a belief as to all of the circumstances relevant to whether the Plaintiff would be entitled to bail out under Section 4(a) of the Voting Rights Act, and therefore denies the allegations in paragraph 34(a)(iii).

35. In response to the allegations in the first sentence of paragraph 35, Defendant lacks knowledge or information sufficient to form a belief about the Plaintiff's views regarding enforcement of the Fifteenth Amendment and the Voting Rights Act, and therefore, Defendant denies the allegations of the first sentence of paragraph 35.  The second sentence of paragraph 35 contains statements of law of law and/or conclusions of law to which no response is required.  If deemed to allege facts, the Defendant denies the allegations in the second sentence of paragraph 35.

36. In response to paragraph 36, Defendant incorporates by reference the responses in paragraphs 1 through 35 of this Answer as if fully set forth herein.

37. The allegations in paragraph 37 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant denies the allegations in paragraph 37.

38.     The allegations in paragraph 38 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant denies the allegations in paragraph 38.

a.     The allegations in paragraph 38(a) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 38(a) only to the extent they purport to quote from an opinion from the United States Supreme Court.  Defendant avers that opinions of the United States Supreme Court speak for themselves.

b.     The allegations in paragraph 38(b) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 38(b) only to the extent they purport to quote from two opinions in one case from the United States Supreme Court.  Defendant avers that opinions of the United States Supreme Court speak for themselves.

c.     The allegations in paragraph 38(c) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, the Defendant denies the allegations in paragraph 38(c).

d.     The allegations in paragraph 38(d) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, the Defendant denies the allegations in paragraph 38(d).

39.     The allegations in paragraph 39 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, the Defendant denies the allegations in paragraph 39.

a.      The allegations in paragraph 39(a) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 39(a) only to the extent they purport to quote from an opinion from the United States Supreme Court.  Defendant avers that opinions of the United States Supreme Court speak for themselves.

b.      The allegations in paragraph 39(b) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 39(b) only to the extent they purport to quote from an opinion from the United States Supreme Court.  Defendant avers that opinions of the United States Supreme Court speak for themselves.

c.      The allegations in paragraph 39(c) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 39(c) only to the extent they purport to quote from one of the opinions in a case from the United States Supreme Court.  Defendant avers that opinions of the United States Supreme Court speak for themselves.

d.      The allegations in paragraph 39(d) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, the Defendant denies the allegations in paragraph 39(d).

40.      In response to paragraph 40, Defendant incorporates by reference the responses in paragraphs 1 through 39 of this Answer as if fully set forth herein.

41.     The allegations in paragraph 41 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, the Defendant denies the allegations in paragraph 41.

42.      The allegations in paragraph 42 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, the Defendant denies the allegations in paragraph 42.

a.      The allegations in paragraph 42(a) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, the Defendant denies the allegations in paragraph 42(a).

b.      The allegations in paragraph 42(b) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, the Defendant denies the allegations in paragraph 42(b).

c.      The allegations in paragraph 42(c) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, the Defendant denies the allegations in paragraph 42(c).

43.     The allegations in paragraph 43 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant denies the allegations in paragraph 43.

a.      The allegations in paragraph 43(a) are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 43(a) only to the extent they purport to quote from an opinion from the United States Supreme Court.  Defendant denies the allegations in

23

paragraph 43(a) to the extent that the quote in question does not specifically reference Section 4(b), but instead refers to the "Act." Defendant avers that opinions of the United States Supreme Court speak for themselves.

      b.      The allegations in paragraph 43(b) are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Defendant admits the allegations in paragraph 43(b) only to the extent they purport to quote from an opinion from the United States Supreme Court. Defendant avers that opinions of the United States Supreme Court speak for themselves.

      c.      The allegations in paragraph 43(c) are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Defendant denies the allegations in paragraph 43(c).

44.      In response to the prayer for relief in paragraph 44, Defendant denies that the Plaintiff is entitled to any relief whatsoever.

      a.      In responsive to paragraph 44(a), Defendant denies that Plaintiff is entitled to a declaratory judgment.

      b.      In response to paragraph 44(b), Defendant denies that Plaintiff is entitled to injunctive relief.

      c.      In response to paragraph 44(c), Defendant denies that Plaintiff is entitled to attorneys' fees or costs.

      d.      In response to paragraph 44(d), Defendant denies that Plaintiff is entitled to any other relief.

Any and all allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

Defendant avers that the Plaintiff's Complaint fails to state a claim on which relief can be granted.  Defendant also avers that this Court lacks subject matter jurisdiction over some or all of Plaintiff's claims due to Plaintiff's lack of standing and lack of ripeness of the issues presented.

Date: June 28, 2010

 

                                 Respectfully submitted,

RONALD C. MACHEN, JR.            THOMAS E. PEREZ
United States Attorney                Assistant Attorney General
District of Columbia                  Civil Rights Division

                                   */s/ Richard Dellheim*

                                   _____

                                   T. CHRISTIAN HERREN, JR.
                                   RICHARD DELLHEIM (lead counsel)
                                   ERNEST A. MCFARLAND
                                   JARED M. SLADE
                                   JUSTIN WEINSTEIN-TULL
                                   Voting Section
                                   Civil Rights Division
                                   U.S. Department of Justice
                                   950 Pennsylvania Avenue, N.W.
                                   Washington, D.C. 20530
                                   Telephone:    (202) 305-1734
                                   Facsimile:    (202) 307-3961

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2010, I served a true and correct copy of the foregoing via the Court's ECF filing system to the following counsel of record:

William S. Consovoy
Thomas R. McCarthy
Brendan J. Morrissey
Wiley Rein LLP
1776 K Street, NW
Washington, DC 20006
Phone: (202) 719-7434
Fax: (202) 719-7049
Counsel for Plaintiff

Arthur B. Spitzer
American Civil Liberties Union
1400 20th Street, NW
Suite 119
Washington, DC 20036-5920
Phone: (202) 457-0800 x113
Fax: (202) 452-1868
Counsel for Movant-intervenors

Kristen M. Clarke
NAACP Legal Defense
& Education Fund, Inc.
1444 Eye Street, NW
10th Floor
Washington, DC 20005
Phone: (202) 682-1300
Fax: (202) 682-1312
Counsel for Movant-intervenors

*/s/ Richard Dellheim*
_____
Richard Dellheim
Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D, C, 20530
(202) 305-1734