IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHELBY COUNTY, ALABAMA | ) |
| 201 West College Street | ) |
| Columbiana, AL 35051 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: 1:10-cv-00651 (JDB) |
| | ) |
| ERIC H. HOLDER, JR., in his | ) |
| official capacity as ATTORNEY | ) |
| GENERAL OF THE UNITED STATES, | ) |
| U.S. Department of Justice | ) |
| 950 Pennsylvania Ave., NW | ) |
| Washington, D.C.  20530 | ) |
| | ) |
| Defendant, | ) |
| | ) |
| and, | ) |
| | ) |
| BOBBY PIERSON, WILLIE GOLDSMITH, SR., | ) |
| MARY PAXTON-LEE, KENNETH DUKES, and | ) |
| ALABAMA STATE CONFERENCE OF THE | ) |
| NATIONAL ASSOCIATION FOR THE | ) |
| ADVANCEMENT OF COLORED PEOPLE, INC. | ) |
| | ) |
| Applicants for Intervention. | ) |
| _____ | ) |

PROPOSED ANSWER OF APPLICANTS FOR INTERVENTION TO COMPLAINT

Bobby Pierson, Willie Goldsmith, Sr., Mary Paxton-Lee, Kenneth Dukes, and the

Alabama State Conference of the National Association for the Advancement of Colored People,

Inc. as applicants for intervention (hereinafter "Applicants"), hereby answer each of the

numbered paragraphs of the Complaint (Docket #1) filed by the Plaintiff in the above-styled

action as follows:

Answers to Allegations

1.  Applicants admit the allegations in paragraph 1, but only to the extent that they describe the claims the Plaintiff seeks to bring in this action. Applicants deny that Sections 4(b) and 5 of the Voting Rights Act are unconstitutional and deny that the Plaintiff is entitled to any relief on its claims.

2.  Applicants admit the allegations in paragraph 2.

3.  Applicants admit the allegations in paragraph 3.

4.  Applicants admit the allegation in paragraph 4 that 28 U.S.C § 1331 grants federal courts original jurisdiction over civil actions arising under the Constitution or laws of the United States, but only to the extent that the United States District Court for the District of Columbia is the only court in which an action can be brought seeking a declaration of the unconstitutionality of a provision of the Voting Rights Act under § 14(b), 42 U.S.C. § 1973*l*(b). Applicants deny that this Court has jurisdiction pursuant to 42 U.S.C. § 1973c, since this is not an action brought under Section 5 of the Voting Rights Act. Applicants further aver that this Court may lack subject matter jurisdiction over some or all of Plaintiff's claims due to Plaintiff's lack of standing and lack of ripeness of the issues presented.

5.  Applicants admit the allegation in paragraph 5 only to the extent that it seeks to characterize the relief sought by Plaintiff in this case, and only to the extent that 28 U.S.C.§ 2201 and 28 U.S.C. § 2202 empower federal courts to fashion remedies in appropriate cases. Applicants deny Plaintiff is entitled to any relief in this action.

6.  Applicants admit the allegations in paragraph 6.

7.  The allegations in paragraph 7 contain statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations of paragraph 7 only to the extent that they purport to quote from portions of the Fifteenth Amendment to the United States Constitution, which speaks for itself.

8.  The allegations in paragraph 8 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations of paragraph 8 only to the extent that Congress enacted the Voting Rights Act in 1965 to enforce the substantive guarantee of the Fifteenth Amendment. Applicants aver that the Voting Rights Act and its legislative history speak for themselves and crave reference to the entire legislative history and text of the Voting Rights Act.

9.  The allegations in paragraph 9 are statements of law and/or conclusions of law to which no response is required.  To the extent that it is deemed to allege facts, Applicants admit the Plaintiff accurately quotes from portions of Section 2 of the Voting Rights Act, which enforces the guarantees of the Fifteenth Amendment.  Applicants further admit that Section 2 applies nationwide.  Applicants deny that Section 2 is the only provision of the Voting Rights Act that enforces the Fifteenth Amendment. Applicants aver that the Voting Rights Act and its legislative history speak for themselves and crave reference to the entire legislative history and text of the Voting Rights Act.

10.  The allegations in paragraph 10 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations of paragraph 10 of the complaint.  Applicants aver that a coverage formula is set forth in Section 4(b) of the Voting Rights Act, 42 U.S.C. § 1973b(b), that determines which jurisdictions are

subject to Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, that the Voting Rights Act speaks for itself, and crave reference thereto.

11.  The allegations in paragraph 11 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations in paragraph 11 of the complaint. Applicants aver that a coverage formula is set forth in Section 4(b) of the Voting Rights Act, 42 U.S.C. § 1973b(b), that determines which jurisdictions are subject to Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, that the Voting Rights Act speaks for its, and crave reference thereto.

12.  The allegations in paragraph 12 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations in paragraph 12. Applicants aver that the full text of the Voting Rights Act speaks for itself and crave reference thereto.

13.  The allegations in paragraph 13 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations in paragraph 13. Applicants aver that the full text of the Voting Rights Act speaks for itself and crave reference thereto.

14.  The allegations in paragraph 14 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations in paragraph 14 that in *South Carolina v. Katzenbach*, 383 U.S. 301 (1966), the Supreme Court rejected a constitutional challenge to various sections of the Voting Rights Act, but crave reference to the decision for a full and complete statement of its holding and the reasons therefor.

15. The allegations in paragraph 15 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations in paragraph 15. Applicants further aver that the Voting Rights Act and its legislative history speak for themselves and crave reference thereto.

16. The allegations in paragraph 16 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations in paragraph 16 and that in *City of Rome v. United States*, 446 U.S. 156 (1980), the Supreme Court rejected a constitutional challenge to the 1975 reauthorization of the Voting Rights Act, but crave reference to the decision for a full and complete statement of its holding and the reasons therefor. Applicants further aver that the Voting Rights Act and its legislative history speak for themselves and crave reference thereto.

17. The allegations in paragraph 17 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit that among other things, Congress reauthorized certain temporary portions of the Voting Rights Act. Applicants admit the remaining allegations in paragraph 17. Applicants aver that the Voting Rights Act and its legislative history speak for themselves and crave reference thereto.

18. The allegations in paragraph 18 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations in paragraph 18 only to the extent they purport to quote from the 1982 amendments to Section 4(a) of the Voting Rights Act that went into effect in 1984. Applicants aver that the Voting Rights Act speaks for itself and crave reference thereto.

19.  The allegations in paragraph 19 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations in paragraph 19.  Applicants aver that the Voting Rights Act speaks for itself and crave reference thereto.

20.  The allegations in paragraph 20 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations in paragraph 20.  Applicants aver that the Voting Rights Act speaks for itself and crave reference thereto.

21.  The allegations in paragraph 21 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations in paragraph 21 only to the extent they purport to quote from the 1982 amendments to Section 4(a) of the Voting Rights Act that went into effect in 1984. Applicants otherwise deny the characterizations in paragraph 21, in particular the allegation that the 1982 amendments "expanded the 'claw back' provision…." Applicants aver that the Voting Rights Act speaks for itself, and crave reference thereto.

22.  The allegations in paragraph 22 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations in paragraph 22, but crave reference to the entire legislative history for a full and complete statement of the findings of Congress.

23.  The allegations in paragraph 23 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations in paragraph 23 only to the extent that they purport to quote from portions of the House Report on

the 2006 Reauthorization Act, but crave reference to the entire legislative history for a full and complete statement of the findings of Congress.

24.  The allegations in paragraph 24 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations in paragraph 24 only to the extent that they purport to quote from portions of the House Report on the 2006 Reauthorization Act, but crave reference to the entire legislative history for a full and complete statement of the findings of Congress.

25.  The allegations in paragraph 25 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations in paragraph 25 only to the extent that they purport to quote from portions of the Senate Report on the 2006 Reauthorization Act, but crave reference to the entire legislative history for a full and complete statement of the findings of Congress.

26.  The allegations in paragraph 26 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations in paragraph 26, but crave reference to the entire 2006 Reauthorization Act for a full and complete statement of the conclusions of Congress.

27.  The allegations in paragraph 27 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations in paragraph 27, but crave reference to the entire 2006 Reauthorization Act for a full and complete statement of the conclusions and findings of Congress.

28.  The allegations in paragraph 28 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations in

paragraph 28. Applicants aver that the Voting Rights Act, and the coverage determinations derived pursuant to the Voting Rights Act, speak for themselves, and crave reference thereto.

29.  The allegations in paragraph 29 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants admit the allegations in paragraph 29. Applicants aver that the State of Alabama was covered under Section 4(b) of the Voting Rights Act and thus made subject to Section 5 of the Act because of its long history of official intentional discrimination in voting.

30.  The allegations in paragraph 30 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants lack knowledge or information sufficient to form a belief about the speculative allegations referred to in paragraph 30, and therefore Applicants neither admit nor deny the allegations in paragraph 30 of the complaint but demand strict proof thereof.

31.  The allegations in paragraph 31 are statements of law and/or conclusions of law to which no response is required. If deemed to allege facts, Applicants lack knowledge or information sufficient to form a belief as to what is meant by the term "regularly" and further aver that Section 5 of the Voting Rights Act covers only changes in voting practices and procedures, and applicants therefore deny the allegations in paragraph 31. Applicants aver that the Voting Rights Act, and the coverage determinations derived pursuant to the Voting Rights Act, speak for themselves and crave reference thereto.

32. Applicants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 32 and therefore neither admit nor deny the allegations in paragraph 32 of the complaint but demand strict proof thereof.

8

33.   Applicants lack knowledge or information sufficient to form a belief as to what voting changes will or will not occur and, if they do occur, when they will occur; as to what is meant by the term "regularly"; and, as to whether Plaintiff may seek preclearance, and if so, when, and therefore, neither admit nor deny the allegations in paragraph 33.

34.   Applicants lack knowledge or information sufficient to form a belief as to all of the circumstances relevant to whether the Plaintiff would be entitled to bail out under Section 4(a) of the Voting Rights Act and the allegations of paragraph 34, and therefore, neither admit nor deny the allegations in paragraph 34 but demand strict proof thereof.  Further the allegations in paragraph 34 contain statements of law and/or conclusions of law to which no response is required.

35.   Applicants lack knowledge or information sufficient to form a belief about the Plaintiff's views regarding enforcement of the Fifteenth Amendment and the Voting Rights Act, and therefore, neither admit nor deny the allegations in paragraph 35 that Shelby County supports the vigorous enforcement of the Fifteenth Amendment and the many provisions of the VRA that enforce its substantive command.  Applicants deny the remaining allegations in paragraph 35.

36.   In response to paragraph 36, Applicants incorporate by reference the responses in paragraphs 1 through 35 of this Answer as if fully set forth herein.

37.   The allegations in paragraph 37 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Applicants deny the allegations in paragraph 37.

38.   The allegations in paragraph 38 are statements of law and/or conclusions of law to

which no response is required.  Applicants deny the allegations in paragraph 38 and crave reference to *Northwest Austin Municipal Utility District Number One v. Holder*, 129 S.Ct. 2504 (2009), and *City of Boerne v. Flores*, 521 U.S. 507 (1997), for full and complete statements of their holdings.

39.  The allegations in paragraph 39 are statements of law and/or conclusions of law to which no response is required. Applicants deny the allegations in paragraph 39 and crave reference to *Northwest Austin Municipal Utility District Number One v. Holder*, 129 S.Ct. 2504 (2009), *United States v. Cruikshank*, 92 U.S. 542 (1876), and *Oregon v. Mitchell*, 400 U.S. 112 (1970), for full and complete statements of their holdings.

40.  In response to paragraph 40, Applicants incorporate by reference the responses in paragraphs 1 through 39 of this Answer as if fully set forth herein.

41.  The allegations in paragraph 41 are statements of law and/or conclusions of law to which no response is required. Applicants deny the allegations in paragraph 41.

42.  The allegations in paragraph 42 are statements of law and/or conclusions of law to which no response is required. Applicants deny the allegations in paragraph 42 and crave reference to *City of Boerne v. Flores*, 521 U.S. 507 (1997), and *South Carolina v. Katzenbach*, 383 U.S. 301 (1966), for full and complete statements of their holdings.

43.  The allegations in paragraph 43 are statements of law and/or conclusions of law to which no response is required. Applicants deny the allegations in paragraph 43 and crave reference to *Northwest Austin Municipal Utility District Number One v. Holder*, 129 S.Ct. 2504 (2009), *United States v. Louisiana*, 363 U.S. 1 (1960), and *South Carolina v. Katzenbach*, 383 U.S. 301 (1966), for full and complete statements of their holdings.

44.  Applicants deny Plaintiff is entitled to any of the relief prayed for in paragraph 44.

AFFIRMATIVE DEFENSES

I.   Applicants aver that this Court may lack subject matter jurisdiction over some or all of Plaintiff's claims due to Plaintiff's lack of standing and lack of ripeness of the issues presented.

II.  Applicants aver that Plaintiff has failed to state a claim on which relief can be granted.

s/Meredith Bell-Platts_____
LAUGHLIN McDONALD
MEREDITH BELL-PLATTS
American Civil Liberties
  Union Foundation, Inc.
230 Peachtree Street, NW
Suite 1440
Atlanta, GA  30303-1227
(404) 523-2721
(404) 653-0331 (fax)
lmcdonald@aclu.org
mbell@aclu.org

s/Arthur B. Spitzer_____
Arthur B. Spitzer (D.C. Bar. No. 235960)
American Civil Liberties Union
  of the Nation's Capital
1400 20th Street, N.W., Suite 119
Washington, DC 20036
Tel. (202) 457-0800
Fax (202) 452-1868
artspitzer@aol.com

Attorneys for Applicants

Laura D. Blackburne
Interim General Counsel
NAACP
4805 Mt. Hope Drive
Baltimore, MD 21215-3297
(410) 580-5791
(410)358-9350 (fax)
lblackburne@naacpnet.org

Victor L. Goode
Assistant General Counsel
NAACP
4805 Mt. Hope Drive
Baltimore, MD 21215-3297
(410) 580-5120
(410) 358-9350 (fax)
vgoode@naacpnet.org

Attorneys for Applicant Alabama State Conference
of the NAACP.

Allison E. Neal
American Civil Liberties Union of Alabama
207 Montgomery Street, Suite 910
Montgomery, AL  36104
(334) 265-2754
(334) 269-5666 (fax)
anaclual@bellsouth.net

Of Counsel