IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHELBY COUNTY, ALABAMA<br><br>　　　　　*Plaintiff,*<br>　　v.<br><br>ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States of America<br><br>　　　　　*Defendant,*<br><br>EARL CUNNINGHAM, HARRY JONES, ALBERT JONES, ERNEST MONTGOMERY, ANTHONY VINES and WILLIAM WALKER,<br><br>　　　　　*Applicants for Intervention.* | Civil Action No. 1:10-CV-651<br>( JDB) |

### [PROPOSED] ANSWER OF APPLICANTS FOR INTERVENTION EARL CUNNINGHAM, ET AL.

Applicants for Intervention Earl Cunningham, *et al*. (hereinafter "Intervenors") submitted their Motion to Intervene as Defendants and accompanying Statement of Points and Authorities on June 11, 2010. Intervenors hereby submit this [Proposed] Answer to the Complaint of Plaintiff Shelby County, Alabama, filed on April 27, 2010, as follows:

1. Intervenors admit that this paragraph describes claims set forth by Plaintiff, but deny that the Plaintiff is entitled to declaratory or injunctive relief. Intervenors also deny that Section 4(b) and Section 5 of the Voting Rights Act (hereinafter "VRA") are unconstitutional.

2. Admit.

3. Admit.

4. Intervenors admit that 28 U.S.C. § 1331 confers district courts with original jurisdiction over all civil actions arising under the Constitution, law, or treaties of the United

1

States. Intervenors also admit that 42 U.S.C. § 1973l imputes the sole responsibility of issuing declaratory judgments and/or injunctive relief, pursuant to 42 U.S.C. §§ 1973b & 1973c, to the United States District Court for the District of Columbia. However, Intervenors deny that this Court has jurisdiction pursuant to 42 U.S.C. § 1973c. Intervenors also deny that Plaintiff is entitled to relief.

5. Intervenors admit that the allegations in paragraph 5 describe the relief sought by the Plaintiff.

6. Intervenors admit that this Court is the only court in which an action may be filed seeking a declaratory judgment against the VRA.

7. This paragraph states a legal conclusion to which no response is required.

8. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit that Congress enacted the VRA of 1965, in part, to enforce the substantive guarantee of the Fifteenth Amendment.

9. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit that Section 2 of the VRA applies nationwide.

10. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the allegation due to its vagueness.

   a) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors aver that Sections 4(a) and 4(c) of the VRA speak for themselves.

   b) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors aver that Section 4(b) of the VRA speaks for itself.

c) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors aver that Section 4(b) of the VRA and its scope of coverage provisions speak for themselves.

11. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors aver that Sections 4(b) and 5 of the VRA speak for themselves.

a) Admit.

b) Admit.

c) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors aver that Section 5 of the VRA speaks for itself.

12. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors aver that the mechanism and process for pursuing a bailout is included in Section 4(a) of the VRA, and that this provision of the statute speaks for itself. Intervenors also deny the reference to a "claw back" mechanism which is ambiguous and unclear, and not contained or found in the Act.

a) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors aver that this paragraph sets forth, in part, the requirements of Section 4(a) of the VRA at the time of enactment, and that this provision of the statute speaks for itself.

b) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors aver that this paragraph sets forth, in part, the requirements of Section 4(a) of the VRA at the time of enactment, and that this provision of the statute speaks for itself.

13. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors aver that the legislative history underlying the adoption of Sections 4(b) and 5 of the VRA speak for themselves.

14. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors aver that the Supreme Court's opinion in *South Carolina v. Katzenbach*, 383 U.S. 301 (1966), and Sections 4(b) and 5 of the VRA speak for themselves. Intervenors also aver that the term "geographic formula" is ambiguous.

   a) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit that Plaintiff quotes selectively from the Supreme Court's opinion in *South Carolina v. Katzenbach*, and the opinion speaks for itself.

   b) This paragraph states a legal conclusion to which no response is required.

   c) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit that Plaintiff quotes selectively from the Supreme Court's opinion in *South Carolina v. Katzenbach*, and the opinion speaks for itself. Intervenors also aver that the legislative history underlying the enactment of Section 5 of the VRA speaks for itself.

15. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny that Congress reauthorized the VRA in its entirety for another five years. Intervenors aver that certain provisions of the VRA were reauthorized for an additional five years and that the legislative history underlying the 1970 reauthorization of those provisions speaks for itself.

   a) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit that the allegations in this paragraph describe

certain 1970 amendments to Section 4 of the Voting Rights Act. Intervenors aver that the VRA and the legislative history underlying the 1970 reauthorization of certain VRA provisions speak for themselves.

b) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors aver that the allegations described in this paragraph characterize certain provisions of Section 201 of the VRA, and that this provision of the statute speaks for itself.

c) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors aver that the opinion of the Supreme Court in *Georgia v. United States*, 411 U.S. 526 (1973), speaks for itself.

16. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny that in 1975 Congress reauthorized the VRA in its entirety for another five years. Intervenors aver that, in 1975, certain provisions of the VRA were reauthorized for an additional five years and that the legislative history underlying the 1975 reauthorization of certain VRA provisions speaks for itself.

a) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors aver that the 1975 amendments to Sections 4(a) and (b) speak for themselves. Intervenors also aver that Section 5 of the VRA speaks for itself.

b) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors aver that the 1975 amendments to certain VRA provisions speak for themselves.

c) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors aver that the 1975 amendments to certain VRA

provisions speak for themselves. Intervenors also deny the final sentence in this paragraph to the extent that it omits the option of judicial preclearance.

      d) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors aver that the Supreme Court opinion in *City of Rome v. U.S.*, 446 U.S. 156 (1980), speaks for itself.

   17. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny that in 1982 Congress reauthorized the VRA in its entirety for another twenty-five years. Intervenors aver that in 1982 certain provisions of the VRA were reauthorized for an additional twenty-five years and that the legislative history underlying the 1982 reauthorization of certain VRA provisions speaks for itself. Intervenors admit the allegations contained within the second and third sentence of this paragraph which, in part, describe amendments to Section 4(a) of the Act made during the 1982 reauthorization.

   18. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit the allegations contained within this paragraph to the extent that they purport to quote from the 1982 amendments to Section 4(a) of the VRA. Intervenors aver that the 1982 amendments to Section 4(a) of the VRA speak for themselves.

      a) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit the allegations contained within this paragraph to the extent that they purport to quote from the 1982 amendments to Section 4(a) of the VRA. Intervenors aver that the 1982 amendments to Section 4(a) of the VRA speak for themselves.

      b) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit the allegations contained within this

paragraph to the extent that they purport to quote from the 1982 amendments to Section 4(a) of the VRA. Intervenors aver that the 1982 amendments to Section 4(a) of the VRA speak for themselves.

      c) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the allegations contained within this paragraph to the extent that it does not accurately quote from the 1982 amendments to Section 4(a) of the VRA. Intervenors aver that the 1982 amendments to Section 4(a) of the VRA speak for themselves.

      d) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit the allegations contained within this paragraph to the extent that they purport to quote from the 1982 amendments to Section 4(a) of the VRA. Intervenors aver that the 1982 amendments to Section 4(a) of the VRA speak for themselves.

      e) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit the allegations contained within this paragraph to the extent that they purport to quote from the 1982 amendments to Section 4(a) of the VRA. Intervenors aver that the 1982 amendments to Section 4(a) of the VRA speak for themselves.

      f) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit the allegations contained within this paragraph to the extent that they purport to quote from the 1982 amendments to Section 4(a) of the VRA. Intervenors aver that the 1982 amendments to Section 4(a) of the VRA speak for themselves.

19. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit the allegations contained within this paragraph, to the extent that they purport to quote from the 1982 amendments to Section 4(a) of the VRA. Intervenors aver that the 1982 amendments to Section 4(a) of the VRA speak for themselves.

20. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit the allegations contained within this paragraph, to the extent that they purport to quote from the 1982 amendments to Section 4(a) of the VRA. Intervenors deny the allegation that the "1982 amendments also precluded bailout . . . ." Intervenors aver that the 1982 amendments to Section 4(a) of the VRA speak for themselves.

21. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the reference to a "claw back" mechanism which is both ambiguous and unclear. Intervenors admit the allegations contained within this paragraph to the extent that they purport to quote from the 1982 amendments to Section 4(a) of the VRA. Intervenors aver that the 1982 amendments to Section 4(a) of the VRA speak for themselves.

22. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the allegations contained within this paragraph. Intervenors aver that in 2006 certain provisions of the VRA were reauthorized for an additional twenty-five years and that the legislative history underlying the 2006 reauthorization of certain VRA provisions speaks for itself.

23. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit that the allegations of this paragraph purport to reference parts of H.R. Rep. No. 109-478, at 12 (2006). Intervenors aver that the VRA and the

legislative history underlying the 2006 reauthorization of certain VRA provisions speak for themselves.

24.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Intervenors admit that the allegations of this paragraph purport to reference, in part, material found in H.R. Rep. No. 109-478, at 12 (2006).  Intervenors aver that the VRA and the legislative history underlying the 2006 reauthorization of certain VRA provisions speak for themselves.

25.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Intervenors aver that these allegations are found on page 11 of S. Rep. No. 109-295 (2006).  Intervenors aver that the VRA and the legislative history underlying the 2006 reauthorization of certain VRA provisions speak for themselves.

26.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Intervenors deny the allegations to the extent that they purport to describe Congress's "conclusion" for the need to extend provisions of the VRA for an additional twenty-five years.  Intervenors admit these allegations only to the extent that they purport to represent, in part, material described in the Fannie Lou Hamer, Rosa Parks, and Coretta Scott King Voting Rights Act Reauthorization and Amendments Act of 2006.  Intervenors aver that the VRA and the legislative history underlying the 2006 reauthorization of certain VRA provisions speak for themselves.

27.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Intervenors admit these allegations only to the extent that they purport to represent, in part, material described in the Fannie Lou Hamer, Rosa Parks, and Coretta Scott King Voting Rights Act Reauthorization and Amendments Act of 2006, § 2(b)(8),

120 Stat. at 578 (2006).  Intervenors aver that the VRA and the legislative history underlying the 2006 reauthorization of certain VRA provisions speak for themselves.

28.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Intervenors admit that Alabama has been subject to Section 5 pursuant to the Section 4(b) scope of coverage provision of the VRA since 1965.  Intervenors aver that the scope of coverage provision of the VRA speaks for itself.

29.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Intervenors admit that Plaintiff Shelby County and the State of Alabama have been subject to the preclearance requirements found in Section 5 of the VRA since 1965.

30.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Intervenors deny the allegations in this paragraph because they are speculative. Moreover, Intervenors are without knowledge or sufficient information about the vague allegations contained within this paragraph.

31.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Intervenors admit that Plaintiff Shelby County is subject to the preclearance requirements found in Section 5 of the VRA but deny  the allegation about the "regular[]" frequency with which Plaintiff must seek preclearance.  Intervenors aver that Section 5 of the VRA speaks for itself.

32.  Intervenors are without sufficient information to form a belief as to the allegations contained within this paragraph.

33.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Intervenors admit that Plaintiff Shelby County must seek

preclearance for any new voting changes pursuant to the preclearance requirements found in Section 5 of the VRA. Intervenors are without sufficient information to form a belief as to the remaining allegations contained within this paragraph.

34. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors are without sufficient information to form a belief as to any of the allegations concerning Plaintiff's eligibility for bailout pursuant to Section 4(a) of the VRA.

    a) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors are without sufficient information to form a belief as to any of the allegations contained within this paragraph.

    b) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit that on August 25, 2008, the Attorney General interposed an objection under Section 5 to certain voting change submitted for preclearance by the City of Calera. However, Intervenors are without sufficient information to form a belief as to the remaining allegations of this paragraph.

35. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors are without sufficient information to form a belief as to the remaining allegations within this paragraph.

36. Intervenors incorporate by reference the responses in paragraphs 1 through 35 of this [Proposed] Answer.

37. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

38. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

a) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit that Plaintiff quotes, in part, *dicta* found in the Supreme Court's opinion in *Nw. Austin Mun. Util. Dist. No. One v. Holder*, 129 S. Ct. 2504, 2511 (2009) (hereinafter "*NAMUDNO*"), and aver that the Court's opinion, as a whole, speaks for itself.

b) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors Plaintiff quotes, in part, *dicta* found in the dissent in the Supreme Court's opinion in *NAMUDNO*, 129 S. Ct. at 2512, 2525, and aver that the Court's opinion, as a whole, speaks for itself.

c) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

d) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

39. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

a) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit that Plaintiff quotes selectively from the Supreme Court's opinion in *NAMUDNO*, 129 S. Ct. at 2511, and the opinion, as a whole, speaks for itself. Intervenors otherwise deny the allegations contained in this paragraph.

b) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit that Plaintiff quotes selectively from the

Supreme Court's opinion in *United States v. Cruikshank*, 92 U.S. 542, 551 (1876), and the opinion, as a whole, speaks for itself.

      c) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit that Plaintiff quotes selectively from the Supreme Court's opinion in *Oregon v. Mitchell*, 400 U.S. 112, 125 (1970), and the opinion, as a whole, speaks for itself.

      d) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

    40. Intervenors incorporate by reference the responses provided in paragraphs 1 through 39 of this [Proposed] Answer.

    41. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

    42. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

      a) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

      b) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

      c) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

    43. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

      a) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit that Plaintiff quotes selectively from the Supreme Court's opinion in *NAMUDNO*, 129 S. Ct. at 2512, and the opinion, as a whole, speaks for itself. Intervenors otherwise deny the allegations in this paragraph.

      b) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit that Plaintiff quotes selectively from the Supreme Court's opinion in *NAMUDNO*, 129 S. Ct. at 2512, and the opinion, as a whole, speaks for itself. Intervenors otherwise deny the allegations in this paragraph.

      c) This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

44. Intervenors deny that Plaintiff is entitled to any of the reliefs described in this paragraph.

## **Affirmative Defenses**

Intervenors aver that Plaintiff has failed to state a claim upon which relief can be granted. Intervenors also aver that this Court may lack subject matter jurisdiction over all or part of Plaintiff's claims due to lack of standing and lack of ripeness of the issues presented.

Dated: July 28, 2010.

                                                  Respectfully submitted,

                                                  /s  Kristen Clarke

John Payton
   Director-Counsel
Debo P. Adegbile
   Associate Director-Counsel
Ryan P. Haygood
Jenigh Garrett
Dale Ho
NAACP Legal Defense and
   Educational Fund, Inc.
99 Hudson Street, Suite 1600
New York, New York 10013
(212) 965-2200

Kristen Clarke  (DC Bar No. 973885)
NAACP Legal Defense and
   Educational Fund, Inc.
1444 Eye Street, N.W., 10th Floor
Washington, D.C. 20005
(202) 682-1300

*Attorneys for Applicants for Intervention*