IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHELBY COUNTY, ALABAMA,
201 West College Street
Columbiana, AL 35051

          Plaintiff,

        vs.

ERIC H. HOLDER, JR.,
in his official capacity as
ATTORNEY GENERAL OF THE
UNITED STATES,
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

         Defendant,

and,

BOBBY LEE HARRIS,
112 Reese Drive
Alabaster, AL 35007

         Applicant to Intervene.

Civil Action No.: 1:10-CV-651 (JDB)

## [PROPOSED] ANSWER AND AFFIRMATIVE DEFENSES OF INTERVENOR-DEFENDANT BOBBY LEE HARRIS

Proposed Intervenor-Defendant Bobby Lee Harris ("Intervenor-Defendant"), by his undersigned counsel, files the following Answer in response to the Complaint filed by Plaintiff Shelby County in the above-captioned action.

1.     Intervenor-Defendant admits that Paragraph 1 describes Plaintiff's claims, and denies that Plaintiff is entitled to any relief on its claims.

## THE PARTIES

2.      Admitted.

3.      Intervenor-Defendant admits that the Defendant, the Attorney General of the United States, has his office in the District of Columbia and is charged with the enforcement of the Voting Rights Act.  Intervenor-Defendant avers that private citizens may also challenge discriminatory voting practices under the Voting Rights Act.

## JURISDICTION AND VENUE

4.      Admitted, except to the extent that some or all of Plaintiff's claims may not be ripe for adjudication, and Plaintiff may lack standing to bring some or all of its claims.

5.      Intervenor-Defendant admits that Paragraph 5 describes Plaintiff's claims, and denies that Plaintiff is entitled to any relief on its claims.

6.      Intervenor-Defendant admits Paragraph 6 to the extent that it describes the relief sought by Plaintiff in this case and to the extent that this Court has exclusive jurisdiction to issue injunctive relief against the enforcement of Section 5.  Intervenor-Defendant denies that Plaintiff is entitled to any relief in this action.

## BACKGROUND

### A.      The Voting Rights Act of 1965

7.      This paragraph contains conclusions of law to which no response is required.  Additionally, the United States Constitution speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant admits that Paragraph 7 accurately quotes portions of the Fifteenth Amendment.

8.     This paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act and its legislative history speak for themselves, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant denies that the Fifteenth Amendment provides only one "guarantee" or that the Fifteenth Amendment was the only Constitutional provision that Congress sought to enforce through the Voting Rights Act. Intervenor-Defendant otherwise admits the allegations of Paragraph 8.

9.     This paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant denies that the Fifteenth Amendment provides only one "guarantee" or that the Fifteenth Amendment was the only Constitutional provision that Congress sought to enforce through the Voting Rights Act.  Intervenor-Defendant otherwise admits that Paragraph 9 accurately quotes portions of the original enactment of Section 2 of the Voting Rights Act.

10.     This paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  Intervenor-Defendant denies the allegations in Paragraph 10 to the extent that they are premised upon the term "geographic 'coverage' formula."  If deemed to allege facts, Intervenor-Defendant admits the allegations of Paragraph 10 to the extent that Section 4(b) of the Voting Rights Act, 42 U.S.C. 1973b(b), sets forth a formula to determine which jurisdictions are subject to Section 5 of the Voting Rights Act.

a.    This sub-paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant. If deemed to allege facts, Intervenor-Defendant admits that sub-Paragraph 10(a) accurately quotes portions of Section 4(c) of the Voting Rights Act as enacted in 1965.

b.    This sub-paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant. If deemed to allege facts, Intervenor-Defendant admits that sub-Paragraph 10(b) accurately quotes portions of Section 4(b) of the Voting Rights Act as enacted in 1965.

c.    This sub-paragraph contains conclusions of law to which no response is required. Additionally, the Voting Rights Act and the referenced Determinations speak for themselves, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations in sub-Paragraph 10(c) to the extent that they purport to identify certain coverage determinations made under the Voting Rights Act as originally enacted in 1965.  Intervenor-Defendant denies the allegations of sub-Paragraph 10(c) to the extent that they purport to identify every coverage determination made under the Voting Rights Act as originally enacted in 1965.

11.    This paragraph contains conclusions of law to which no response is required. Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations of Paragraph 11.

a.    This sub-paragraph contains conclusions of law to which no response is required. Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant. Intervenor-Defendant avers that Section 5 does not use the term "preclear" as quoted in sub-Paragraph 11(a). If deemed to allege facts, Intervenor-Defendant admits that the allegations in sub-Paragraph 11(a) otherwise accurately quote from Section 5 as originally enacted in 1965.

b.    This sub-paragraph contains conclusions of law to which no response is required. Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant. Intervenor-Defendant avers that Section 5 does not use the term "preclearance" as quoted in sub-Paragraph 11(b). If deemed to allege facts, Intervenor-Defendant otherwise admits the allegations of sub-Paragraph 11(b).

c.    This sub-paragraph contains conclusions of law to which no response is required. Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant. If deemed to allege facts, Intervenor-Defendant admits that the allegations in sub-Paragraph 11(c) otherwise accurately quote from Section 5 as originally enacted in 1965.

12.    This paragraph contains conclusions of law to which no response is required. Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant. If deemed to allege facts, Intervenor-Defendant admits the allegations of Paragraph 12 to the extent that the Voting Rights Act, as originally enacted in 1965, allowed covered jurisdictions to terminate their

coverage under the temporary provisions of the Act.  Intervenor-Defendant denies that

Section 4 of the Voting Rights Act uses either the term "bailout" or the term "claw-back".

        a.      This sub-paragraph contains conclusions of law to which no

response is required.  Additionally, the Voting Rights Act speaks for itself, and

therefore no further answer is required of Intervenor-Defendant.  If deemed to

allege facts, Intervenor-Defendant admits the allegations of sub-Paragraph 12(a)

to the extent that they accurately quote potions of Section 4(a) of the Voting

Rights Act as originally enacted in 1965.

        b.      This sub-paragraph contains conclusions of law to which no

response is required.  Additionally, the Voting Rights Act speaks for itself, and

therefore no further answer is required of Intervenor-Defendant.  If deemed to

allege facts, Intervenor-Defendant admits the allegations of sub-Paragraph 12(b)

to the extent that they accurately quote potions of Section 4(a) of the Voting

Rights Act as originally enacted in 1965.

13.      This paragraph contains conclusions of law to which no response is

required.  Additionally, the Voting Rights Act and its legislative history speak for

themselves, and therefore no further answer is required of Intervenor-Defendant.  If

deemed to allege facts, Intervenor-Defendant admits the allegations of Paragraph 13 to

the extent that Congress provided for time limits for the temporary provisions of the

Voting Rights Act, such as Sections 4(b) and 5, as enacted in 1965 and subsequently

reauthorized in 1970, 1975, 1982 and 2006.

14.      This paragraph contains conclusions of law to which no response is

required.  Additionally, this paragraph purports to characterize the United States Supreme

Court's decision in *South Carolina v. Katzenbach*, 383 U.S. 301 (1966) and the Voting

Rights Act, which speak for themselves, and therefore no further answer is required of

Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant denies that

Section 4(b) contained a "geographic formula" as originally enacted, but otherwise

admits the allegations of Paragraph 14.

      a.    This sub-paragraph contains conclusions of law to which no

response is required.  Additionally, this paragraph purports to characterize the

United States Supreme Court's decision in *South Carolina v. Katzenbach*, which

speaks for itself, and therefore no further answer is required of Intervenor-

Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations

of sub-Paragraph 14(a) to the extent that they accurately quote portions of the

*Katzenbach* decision.

      b.    This sub-paragraph contains conclusions of law to which no

response is required.  Additionally, this sub-paragraph purports to characterize the

United States Supreme Court's decision in *South Carolina v. Katzenbach*, which

speaks for itself, and therefore no further answer is required of Intervenor-

Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations

of sub-Paragraph 14(b) to the extent that they accurately quote portions of the

*Katzenbach* decision.

      c.    This sub-paragraph contains conclusions of law to which no

response is required.  Additionally, this sub-paragraph purports to characterize the

United States Supreme Court's decision in *South Carolina v. Katzenbach*, which

speaks for itself, and therefore no further answer is required of Intervenor-

Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations of sub-Paragraph 14(c) to the extent that they accurately quote portions of the *Katzenbach* decision.

**B.    The 1970, 1975, and 1982 Reauthorizations of the Voting Rights Act**

15.    This paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act and its legislative history speak for themselves, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations of Paragraph 15 to the extent that, in 1970, Congress amended and/or reauthorized certain temporary provisions of the Voting Rights Act.

a.    This sub-paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations of sub-Paragraph 15(a) to the extent that they describe changes made during the 1970 amendment of Section 4 of the Voting Rights Act.

b.    This sub-paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations of sub-Paragraph 15(b) to the extent that they describe the addition of Section 201 during the 1970 amendment of Section 4 of the Voting Rights Act.

      c.      This sub-paragraph contains conclusions of law to which no response is required.  Additionally, this sub-paragraph purports to characterize the United States Supreme Court's decision in *Georgia v. United States*, 411 U.S. 526 (1973), which speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant denies the allegations of sub-Paragraph 15(c) to the extent that it characterizes the Court's opinion in *Georgia* as addressing the "reauthorization" of the Voting Rights Act. Intervenor-Defendant avers that the *Georgia* decision "reaffirm[ed] that the [Voting Rights] Act is a permissible exercise of congressional power under § 2 of the Fifteenth Amendment." 411 U.S. at 535.

16.      This paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act and its legislative history speak for themselves, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations of Paragraph 16 to the extent that, in 1975, Congress amended and/or reauthorized certain temporary provisions of the Voting Rights Act.

      a.      This sub-paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations of sub-Paragraph 16(a) to the extent that they describe changes made during the 1975 amendment of Section 4 of the Voting Rights Act.

b.      This sub-paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations of sub-Paragraph 16(b) to the extent that that they describe changes made during the 1975 amendment of Section 4 of the Voting Rights Act.

c.      This sub-paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant denies the allegations of sub-Paragraph 16(c) to the extent that they omit reference to the District Court of the District of Columbia as a means of obtaining Section 5 preclearance, but otherwise admits the allegations of sub-Paragraph 16(c) to the extent that they describe certain changes made during the 1975 amendments to the Voting Rights Act.

d.      This sub-paragraph contains conclusions of law to which no response is required.  Additionally, this sub-paragraph purports to characterize the United States Supreme Court's decision in *City of Rome v. United States*, 446 U.S. 156 (1980), which speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant denies the allegation in the first sentence of sub-Paragraph 16(d) to the extent that it mischaracterizes the Court's opinion in *City of Rome* as having "upheld the 1975 reauthorization of the Voting Rights Act".  Intervenor Defendant avers that the *City of Rome* decision concerned the temporary

provisions of the Voting Rights Act. If deemed to allege facts, Intervenor-Defendant admits the remaining allegations of sub-Paragraph 16(d) to the extent that they accurately quote from the *City of Rome* decision.

17. This paragraph contains conclusions of law to which no response is required. Additionally, the Voting Rights Act and its legislative history speak for themselves, and therefore no further answer is required of Intervenor-Defendant. If deemed to allege facts, Intervenor-Defendant denies the allegation in the first sentence of Paragraph 17 that "[i]n 1982, Congress reauthorized the VRA"; Intervenor-Defendant avers that certain temporary provisions of the Voting Rights Act were amended and/or reauthorized. If deemed to allege facts, Intervenor-Defendant admits the remaining allegations of Paragraph 17 to the extent they describe certain amendments to Section 4 of the Voting Rights Act in 1982.

18. This paragraph contains conclusions of law to which no response is required. Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant. If deemed to allege facts, Intervenor-Defendant admits the allegations of Paragraph 18 to the extent that they identify certain requirements of Section 4(a) of the Voting Rights Act as amended in 1982 that form a predicate for sub-Paragraphs 18(a)-(f).

a. This sub-paragraph contains conclusions of law to which no response is required. Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant. If deemed to allege facts, Intervenor-Defendant admits the allegations of sub-Paragraph 18(a)

to the extent that they accurately quote from the 1982 amendments to Section 4(a) of the Voting Rights Act.

       b.      This sub-paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations of sub-Paragraph 18(b) to the extent that they accurately quote from the 1982 amendments to Section 4(a) of the Voting Rights Act.

       c.      This sub-paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant denies the allegations of sub-Paragraph 18(c), because it does not accurately quote from the 1982 amendments to Section 4(a) of the Voting Rights Act.  Intervenor-Defendant avers that the term "observers" was added to Section 4(a) by the 2006 Voting Rights Act Reauthorization and Amendments Act.

       d.      This sub-paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations of sub-Paragraph 18(d) to the extent that they accurately quote from the 1982 amendments to Section 4(a) of the Voting Rights Act.

e.      This sub-paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations of sub-Paragraph 18(e) to the extent that they accurately quote from the 1982 amendments to Section 4(a) of the Voting Rights Act.

f.      This sub-paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations of sub-Paragraph 18(f) to the extent that they accurately quote from the 1982 amendments to Section 4(a) of the Voting Rights Act.

19.     This paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations of Paragraph 19 to the extent that they accurately quote from the 1982 amendments to Section 4(a) of the Voting Rights Act.

20.     This paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant denies that the allegations of Paragraph 20 except to the extent that they accurately quote from the 1982 amendments to Section 4(a) of the Voting Rights Act.

21.     This paragraph contains conclusions of law to which no response is required. Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant. If deemed to allege facts, Intervenor-Defendant denies the first sentence of Paragraph 21 insofar as the quoted term "claw back" is not used in Section 4(a) of the Voting Rights Act, but admits the remaining allegations of Paragraph 21 to the extent that they accurately quote from the 1982 amendments to Section 4(a) of the Voting Rights Act.

C.      **The 2006 Reauthorization of the Voting Rights Act**

22.     This paragraph contains conclusions of law to which no response is required. Additionally, the Voting Rights Act and its legislative history speak for themselves, and therefore no further answer is required of Intervenor-Defendant. If deemed to allege facts, Intervenor-Defendant denies the allegations of Paragraph 22. Intervenor-Defendant avers that, in 2006, Congress reauthorized certain temporary provisions of the Voting Rights Act and made certain amendments to Sections 4 and 5 of the Act.

23.     This paragraph contains conclusions of law to which no response is required. Additionally, this paragraph purports to characterize H.R. Rep. No. 109-478 (2006), which speaks for itself, and therefore no further answer is required of Intervenor-Defendant. If deemed to allege facts, Intervenor-Defendant admits the allegations of Paragraph 23 to the extent that they accurately quote from H.R. Rep. No. 109-478 (2006).

24.     This paragraph contains conclusions of law to which no response is required. Additionally, this paragraph purports to characterize H.R. Rep. No. 109-478 (2006), which speaks for itself, and therefore no further answer is required of Intervenor-

Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations of Paragraph 24 to the extent that they accurately quote from H.R. Rep. No. 109-478 (2006).

25.     This paragraph contains conclusions of law to which no response is required.  Additionally, this paragraph purports to characterize S. Rep. No. 109-295 (2006), which speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations of Paragraph 25 to the extent that they accurately quote from H.R. Rep. No. 109-478 (2006).  Intervenor-Defendant avers that the language quoted from S. Rep. 109-295 appears on page 11 of S. Rep. 109-295.

26.     This paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act and its legislative history speak for themselves, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations of Paragraph 26 to the extent that they accurately quote certain findings contained in the 2006 Voting Rights Act Reauthorization and Amendments Act.

27.     This paragraph contains conclusions of law to which no response is required.  Additionally, the Voting Rights Act and its legislative history speak for themselves, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations of Paragraph 27 to the extent that they accurately quote certain findings contained in the 2006 Voting Rights Act Reauthorization and Amendments Act.

**C. [sic]      The 2006 Reauthorization of the Voting Rights Act**

28.     This paragraph contains conclusions of law to which no response is required. Additionally, the Voting Rights Act and the determinations of the Attorney General and the Director of the Bureau of the Census speak for themselves, and therefore no further answer is required of Intervenor-Defendant. If deemed to allege facts, Intervenor-Defendant admits the allegations of Paragraph 28.

29.     This paragraph contains conclusions of law to which no response is required. Additionally, the Voting Rights Act speaks for itself, and therefore no further answer is required of Intervenor-Defendant. If deemed to allege facts, Intervenor-Defendant admits the allegations of Paragraph 29.

30.     This paragraph contains conclusions of law to which no response is required. If deemed to allege facts, Intervenor-Defendant lacks sufficient information to admit or deny, and therefore denies, the allegations of Paragraph 30.

31.     This paragraph contains conclusions of law to which no response is required. If deemed to allege facts, Intervenor-Defendant lacks sufficient information to admit or deny, and therefore denies, the allegations of Paragraph 31. Intervenor-Defendant avers that Shelby County is required to obtain Section 5 preclearance before implementing changes to practices or procedures affecting voting that it enacts or seeks to administer.

32.     Intervenor-Defendant admits the allegations in Paragraph 32 to the extent that Shelby County has sought preclearance under Section 5 of the Voting Rights Act within the past ten years. Intervenor-Defendant lacks sufficient information to admit or deny, and therefore denies, the remaining allegations of paragraph 32.

33.     This paragraph speculates about future events and therefore no response is required.  If deemed to allege facts, Intervenor-Defendant lacks sufficient information to admit or deny, and therefore denies, the allegations of Paragraph 33.  Intervenor-Defendant avers that Shelby County is required to obtain Section 5 preclearance before implementing changes to practices or procedures affecting voting that it enacts or seeks to administer.

34.     This paragraph contains conclusions of law to which no response is required.  If deemed to allege facts, Intervenor-Defendant lacks sufficient information to admit or deny, and therefore denies, the allegations of Paragraph 34.

a.     This sub-paragraph contains conclusions of law to which no response is required.  If deemed to allege facts, Intervenor-Defendant lacks sufficient information to admit or deny, and therefore denies, the allegations of sub-Paragraph 34(a).

i.     Intervenor-Defendant lacks sufficient information to admit or deny, and therefore denies, the allegations of sub-Paragraph 34(a)(i).  Intervenor-Defendant avers that the October 9, 2003 Letter from Joseph D. Rich to Frank C. Ellis speaks for itself.

ii.     Intervenor-Defendant lacks sufficient information to admit or deny, and therefore denies, the allegations of sub-Paragraph 34(a)(ii).

iii.     This sub-paragraph contains conclusions of law to which no response is required.  Additionally, the Department of Justice website and the information contained therein speaks for itself.  If deemed to allege facts, Intervenor-Defendant lacks sufficient information to admit or

deny, and therefore denies, the allegations of sub-Paragraph 34(a)(iii), but admits the allegations of sub-Paragraph 34(a)(iii) to the extent that they accurately quote from the Department of Justice website.

b.      This sub-paragraph contains conclusions of law to which no response is required.  If deemed to allege facts, Intervenor-Defendant lacks sufficient information to admit or deny, and therefore denies, the allegations of sub-Paragraph 34(b).  Intervenor-Defendant avers that at least one Section 5 objection was interposed with respect to a governmental unit within Shelby County during the ten years preceding this date.

i.      Admitted.

ii.     Intervenor-Defendant lacks sufficient information to admit or deny, and therefore denies, the allegations of sub-Paragraph 34(b)(ii). Intervenor-Defendant avers that the referenced consent decree speaks for itself.

c.      This sub-paragraph contains conclusions of law to which no response is required.  If deemed to allege facts, Intervenor-Defendant lacks sufficient information to admit or deny, and therefore denies, the allegations of sub-Paragraph 34(b)(iii).

35.     Intervenor-Defendant lacks sufficient information to admit or deny, and therefore denies, the allegations in the first sentence of Paragraph 35.  The second sentence of Paragraph 35 contains conclusions of law to which no response is required. If deemed to allege facts, Intervenor-Defendant denies the allegations in the second sentence of Paragraph 35.

18

**Count I**

36.     In response to Paragraph 36, Intervenor-Defendant incorporates by reference the responses in paragraphs 1 through 35 of this Answer as if fully set forth herein.

37.     This paragraph contains conclusions of law to which no response is required.  If deemed to allege facts, Intervenor-Defendant denies the allegations of Paragraph 37.

38.     This paragraph contains conclusions of law to which no response is required.  If deemed to allege facts, Intervenor-Defendant denies the allegations of Paragraph 38.

        a.     This sub-paragraph contains conclusions of law to which no response is required.  Additionally, this sub-paragraph purports to characterize the United States Supreme Court's decision in *Nw. Austin Mun. Util. Dist. No. One v. Holder*, 129 S.Ct. 2504, 2511 (2009) ("*NAMUDNO*"), which speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations of sub-Paragraph 38(a) to the extent that they accurately quote from the *NAMUDNO* decision.

        b.     This sub-paragraph contains conclusions of law to which no response is required.  Additionally, this sub-paragraph purports to characterize two opinions from the Supreme Court's *NAMUDNO* decision, which speak for themselves, and therefore no further answer is required of Intervenor-Defendant. If deemed to allege facts, Intervenor-Defendant admits the allegations of sub-

Paragraph 38(b) to the extent that they accurately quote from two opinions in the *NAMUDNO* decision.

   c.  This sub-paragraph contains conclusions of law to which no response is required. If deemed to allege facts, Intervenor-Defendant denies the allegations of sub-Paragraph 38(c).

   d.  This sub-paragraph contains conclusions of law to which no response is required. If deemed to allege facts, Intervenor-Defendant denies the allegations of sub-Paragraph 38(d).

39.  This paragraph contains conclusions of law to which no response is required. If deemed to allege facts, Intervenor-Defendant denies the allegations of Paragraph 39.

   a.  This sub-paragraph contains conclusions of law to which no response is required. Additionally, this paragraph purports to characterize the United States Supreme Court's decision in *NAMUDNO*, which speaks for itself, and therefore no further answer is required of Intervenor-Defendant. If deemed to allege facts, Intervenor-Defendant admits the allegations of sub-Paragraph 39(a) to the extent that they accurately quote from the *NAMUDNO* decision.

   b.  This sub-paragraph contains conclusions of law to which no response is required. Additionally, this sub-paragraph purports to characterize the United States Supreme Court's decision in *United States v. Cruikshank*, 92 U.S. 542, 551 (1876), which speaks for itself, and therefore no further answer is required of Intervenor-Defendant. If deemed to allege facts, Intervenor-

Defendant admits the allegations of sub-Paragraph 39(b) to the extent that they accurately quote from the *Cruikshank* decision.

c. This sub-paragraph contains conclusions of law to which no response is required. Additionally, this sub-paragraph purports to characterize the United States Supreme Court's decision in *Oregon v. Mitchell*, 400 U.S. 112, 125 (1970), which speaks for itself, and therefore no further answer is required of Intervenor-Defendant. If deemed to allege facts, Intervenor-Defendant admits the allegations of sub-Paragraph 39(c) to the extent that they accurately quote from the *Oregon v. Mitchell* decision.

d. This sub-paragraph contains conclusions of law to which no response is required. If deemed to allege facts, Intervenor-Defendant denies the allegations of sub-Paragraph 39(d).

**Count II**

40. In response to Paragraph 40, Intervenor-Defendant incorporates by reference the responses in paragraphs 1 through 40 of this Answer as if fully set forth herein.

41. This paragraph contains conclusions of law to which no response is required. If deemed to allege facts, Intervenor-Defendant denies the allegations of Paragraph 41.

42. This paragraph contains conclusions of law to which no response is required. If deemed to allege facts, Intervenor-Defendant denies the allegations of Paragraph 42.

a.       This sub-paragraph contains conclusions of law to which no response is required.  If deemed to allege facts, Intervenor-Defendant denies the allegations of sub-Paragraph 42(a).

b.       This sub-paragraph contains conclusions of law to which no response is required.  If deemed to allege facts, Intervenor-Defendant denies the allegations of sub-Paragraph 42(b).

c.       This sub-paragraph contains conclusions of law to which no response is required.  If deemed to allege facts, Intervenor-Defendant denies the allegations of sub-Paragraph 42(c).

43.     This paragraph contains conclusions of law to which no response is required.  If deemed to allege facts, Intervenor-Defendant denies the allegations of Paragraph 43.

a.       This sub-paragraph contains conclusions of law to which no response is required.  Additionally, this sub-paragraph purports to characterize the United States Supreme Court's decision in *NAMUDNO*, which speaks for itself, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-Defendant admits the allegations of sub-Paragraph 43(a) to the extent that they accurately quote the *NAMUDNO* decision.

b.       This sub-paragraph contains conclusions of law to which no response is required.  Additionally, this paragraph purports to characterize the United States Supreme Court's decisions in *South Carolina v. Katzenbach* and *NAMUDNO*, which speak for themselves, and therefore no further answer is required of Intervenor-Defendant.  If deemed to allege facts, Intervenor-

22

Defendant admits the allegations of sub-Paragraph 43(b) to the extent that they accurately quote the *Katzenbach* and *NAMUDNO* decisions.

      c.     This sub-paragraph contains conclusions of law to which no response is required.  If deemed to allege facts, Intervenor-Defendant denies the allegations of sub-Paragraph 43(c).

**PRAYER FOR RELIEF**

44.     In response to the prayer for relief in Paragraph 44, Intervenor-Defendant denies that Plaintiff is entitled to any relief.

      a.     In response to sub-Paragraph 44(a), Intervenor-Defendant denies that Plaintiff is entitled to a declaratory judgment.

      b.     In response to sub-Paragraph 44(b), Intervenor-Defendant denies that Plaintiff is entitled to injunctive relief.

      c.     In response to sub-Paragraph 44(c), Intervenor-Defendant denies that Plaintiff is entitled to attorneys' fees or costs.

      d.     In response to sub-Paragraph 44(d), Intervenor-Defendant denies that Plaintiff is entitled to any other relief.

Defendant-Intervenor denies any and all allegations not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

To the extent Plaintiff lacks standing with respect to any claim, that claim should be dismissed.

**Second Affirmative Defense**

To the extent any claim of Plaintiff is moot or not ripe for adjudication, that claim

should be dismissed.

### Third Affirmative Defense

To the extent that any claim of Plaintiff fails to state a claim on which relief can be granted, that claim should be dismissed.

### REQUEST FOR RELIEF

Based upon these answers and affirmative defenses, Intervenor-Defendant respectfully requests that the Court enter a judgment as follows:

(a)    Dismissing Plaintiff's claim in its entirety, on the merits, with prejudice;

(b)    Denying the Plaintiff's requests for declaratory and injunctive relief in their entirety; and

(c)    Awarding such other and further relief as the Court may find to be just and equitable.

Dated: July 1, 2010                                    Respectfully submitted,


Jon Greenbaum (D.C. Bar No. 489887)
Marcia Johnson-Blanco
Robert A. Kengle
Mark A. Posner (D.C. Bar No. 457833)
David Cooper
jgreenbaum@lawyerscommittee.org
mblanco@lawyerscommittee.org
bkengle@lawyerscommittee.org
mposner@lawyerscommittee.org
dcooper@lawyerscommittee.org
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
UNDER LAW
1401 New York Avenue, NW
Suite 400
Washington, D.C. 20005
(202) 662-8315 (phone)
(202) 628-2858 (fax)
Washington, D.C. 20006
Tel. (202) 663-6000
Fax (202) 663-6363

John Nonna
Autumn Katz
Daniel Stabile
Wendy Walker
JNonna@deweyleboeuf.com
AKatz@deweyleboeuf.com
WWalker@deweyleboeuf.com
DStabile@deweyleboeuf.com
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Tel. (212) 259-8311
Fax (212) 649-9461


*Attorneys for Applicant-Intervenor*