IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHELBY COUNTY, ALABAMA<br><br>                Plaintiff,<br><br>v.<br><br>ERIC H. HOLDER, JR.,<br>in his official capacity as<br>ATTORNEY GENERAL OF THE<br>UNITED STATES, *et al*.<br><br>                Defendant,<br><br>EARL CUNNINGHAM, BOBBY PIERSON,<br>BOBBY LEE HARRIS, *et al*.,<br><br>                Defendant-Intervenors. | Civil Action No. 1:10-cv-00651-JDB |

**PLAINTIFF'S REPLY TO DEFENDANT-INTERVENORS' OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT**

     Plaintiff Shelby County ("Shelby County") respectfully submits this Reply to the Defendant-Intervenors' Opposition to Shelby County's Motion for Summary Judgment. Defendant-Intervenors duplicate the Defendant Attorney General's ("Attorney General") argument that discovery under Federal Rule of Civil Procedure 56(f) should be allowed before a response to the pending summary judgment motion is required. Shelby County thus respectfully asks that the Court deny the Rule 56(f) request and require Defendant-Intervenors to submit their substantive opposition to Shelby County's Motion for Summary Judgment no more than thirty days after entry of an Order denying this discovery request.

     1.     After promising to "avoid duplication and promote litigation efficiency," Report of Attorney General and Defendant-Intervenors in Response to the Court's Order of August 25,

2010 (Doc. 34) at 1, Defendant-Intervenors have submitted an opposition that merely repeats the same legal arguments for Rule 56(f) discovery made by the Attorney General. Thus, for the reasons set forth in Plaintiff's Reply in Support of Motion for Summary Judgment (Doc. 14) ("Reply"), and as briefly explained below, Defendant-Intervenors' request for Rule 56(f) discovery should be denied.

        2.     Like the Attorney General, Defendant-Intervenors essentially seek discovery for discovery's sake. Defendant-Intervenors Opp. at 3-4, 8-10. According to Defendant-Intervenors, the Court should allow Rule 56(f) discovery for the tautological reason that "there has been no opportunity for discovery" and because "this case is in its infancy." *Id.* at 8-9. Defendant-Intervenors thus ask the Court to simply ignore the fact that Shelby County has properly sought summary judgment and to "deny the motion as a matter of course." *Id.* at 10-11. Indeed, the nearly nine-month proposed discovery schedule confirms that the Attorney General and Defendant-Intervenors do not even seek discovery for the purpose of responding to the motion for summary judgment. Rather, as their request for initial Rule 26(a)(1) disclosures, open-ended fact discovery, and dueling expert reports make clear, the discovery plan seems to presuppose that Shelby County's summary judgment motion has been denied because of the existence of a material fact in dispute.

    But as Shelby County has explained, the Attorney General and Defendant-Intervenors are not entitled to *any* discovery prior to resolution of the pending motion for summary judgment—let alone sweeping discovery that goes far beyond the confines of Rule 56(f)—unless they can meet their "burden of identifying facts to be discovered that would create genuine issues of material fact and the reasons why the party cannot acquire those facts without additional discovery." *Graham v. Mukasey*, 608 F. Supp. 2d 50, 52-53 (D.D.C. 2009); *First Nat. Bank of*

*Ariz. v. Cities Service Co.*, 391 U.S. 253, 298 (1968) ("[D]iscovery obtainable under Rule 56(f) to oppose a motion for summary judgment would normally be less extensive in scope than the general discovery obtainable under Rule 26."). Here, the Attorney General and Defendant-Intervenors cannot meet their burden because the summary judgment motion presents a pure question of law: whether "the 2006 legislative record contain[s] sufficient evidence of contemporary discrimination in voting to justify Congress's decision to subject covered jurisdictions to section 5 preclearance for another twenty-five years." *Nw. Austin Mun. Util. Dist. No. One v. Mukasey*, 573 F. Supp. 2d 221, 265 (D.D.C. 2008). A party "cannot prolong the resolution of what are otherwise purely legal issues by ambiguous references to the need for, and the general importance of, discovery." *Robinson v. Akins*, No. 89-5413, 1990 WL 71285, *6 (N.D. Ill. May 7, 1990).

   3. Like the Attorney General, Defendant-Intervenors also argue that discovery is necessary "in the event that Plaintiff's claims are subsequently construed as an as-applied challenge." Defendant-Intervenors Opp. at 5. As Shelby County has explained, however, there can be no dispute that the complaint is limited to a facial challenge. *See* Reply at 9-10; Compl. ¶ 1 (contending that Section 5 and Section 4(b) are "facially unconstitutional"). Indeed, Defendant-Intervenors have conceded the point. *See* Cunningham Ans. ¶ 1 ("Intervenors admit that this paragraph describes claims set forth by Plaintiff, but deny that the Plaintiff is entitled to declaratory or injunctive relief."); Harris Ans. ¶ 1 ("Intervenor-Defendant admits that Paragraph 1 describes Plaintiff's claims, and denies that Plaintiff is entitled to any relief on its claims."); Pierson Ans. ¶ 1 ("Applicants admit the allegations in paragraph 1, but only to the extent that they describe the claims the Plaintiff seeks to bring in this action.").

But even if the Court looks beyond the face of the complaint and disregards Defendant-Intervenors' concession, this is still a facial challenge. In *Doe v. Reed*, 130 S. Ct. 2811 (2010), the decision on which Defendant-Intervenors principally rely, the Supreme Court determined that the challenge to the statute was facial because the "plaintiffs' claim and the relief that would follow—an injunction barring the secretary of state 'from making referendum petitions available to the public,' App. 16 (Complaint Count I)—reach beyond the particular circumstances of these plaintiffs." *Id.* at 2817. The same is true here. Shelby County has asked for "a permanent injunction against Defendant Attorney General Eric H. Holder, Jr. enjoining the enforcement of Section 4(b) and Section 5 of the VRA." Compl., Prayer for Relief (b). Thus, "the relief that would follow" from an award of summary judgment clearly would "reach beyond the particular circumstances of" Shelby County. *Doe*, 130 S. Ct. at 2817. Moreover, Shelby County has not relied on any facts specific to it as a basis for finding Section 5 and Section 4(b) unconstitutional. Rather, Shelby County has consistently asserted that these provisions are unconstitutional with respect to *all* covered jurisdictions. Reply at 9-10. The jurisdiction-specific facts supporting the summary judgment motion all relate to Shelby County's standing. *See id.* at 13 n.1. And, those facts cannot be reasonably disputed. *See id.* at 5-8; *see also infra* at 6.[*]

---

[*] Defendant-Intervenors also rely on *Northwest Austin* by suggesting that the district court treated the complaint there as a facial challenge yet concluded that "consideration of as-applied arguments was also appropriate." Defendant-Intervenors Opp. at 5. But their description of *Northwest Austin* distorts that case. In its amended complaint, the plaintiff dropped its facial challenge and "reframed its case exclusively as an 'as applied' challenge." *Nw. Austin*, 573 F. Supp. 2d at 235. The court nevertheless looked to the nature of the plaintiff's suit and correctly deemed it a facial challenge because the plaintiff "allege[d] that section 5 exceeds Congress's enumerated powers" and "focus[ed] almost exclusively on the legislative record and the statutory design." *Id*. But because the plaintiff had characterized its suit as an as-applied challenge, the court—"[o]ut of an abundance of caution"—"also consider[ed] the two arguments the District ma[de] that could be construed as reflecting an as-applied challenge." *Id*. That is not the case here. As noted above, Shelby County has made no legal claims that reasonably could be construed as raising an as-applied challenge to Section 5 and Section 4(b).

4

4.	Defendant-Intervenors also repeat the argument that discovery is necessary even if this is a facial challenge to the statute.  Defendant-Intervenors Opp. at 5-8.  According to Defendant-Intervenors, discovery was permitted in several cases addressing Congress' enforcement authority under the Fourteenth Amendment.  *Id.* at 6-7.  A more careful review of those decisions, however, indicates that the discovery was unrelated to the constitutional question that ultimately reached the Supreme Court.

In *City of Boerne*, for example, the plaintiff had yet to plead a constitutional claim when the district court granted discovery.  *See Flores v. City of Boerne*, 73 F.3d 1352, 1354 (5th Cir. 1996) ("The City's first mention of constitutionality came in a Proposed Joint Pre-trial Order."). In *Tennessee v. Lane*, 541 U.S. 509, 513-14 (2004), it was only after the Supreme Court granted Tennessee's petition for certiorari that the district court ordered discovery *in the case against the county defendants*, which had been severed and was proceeding simultaneous to Supreme Court review of the constitutional issue.  *See Tennessee v. Lane*, No. 9800731 (Dkt. No. 111) (M.D. Tenn. July 22, 2003).  And, although there is no information available electronically as to the basis for allowing discovery in *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62 (2000), it is noteworthy that the Supreme Court only considered the record that Congress actually compiled to support the constitutionality of the Age Discrimination in Employment Act.  Indeed, despite the fact that Congress extended the ADEA to the states in 1974, and *Kimel* was decided in 2000, the Court did not consider any factual information that may have been compiled over the intervening 25 years.  Instead, the Court explained that "whether the ADEA is . . . an appropriate remedy or, instead, merely an attempt to substantively redefine the States' legal obligations with respect to age discrimination" should be determined "*by examining the legislative record containing the reasons for Congress' action.*"  *Id.* at 88 (emphasis added).

5.      Defendant-Intervenors also repeat the Attorney General's assertion that discovery is needed to determine the "purported 'burdens' imposed by Section 5, and 'conditions' with respect to racial discrimination and voting." Defendant-Intervenors Opp. at 11-14. However, as Shelby County has previously explained, s*ee* Reply at 11-14, and as noted above, whether the "current burdens" of preclearance are "justified by current needs" turns on the legislative record before Congress in 2006. The Attorney General and Defendant-Intervenors are not entitled to supplement the legislative record through judicial discovery. *See City of Boerne*, 521 U.S. at 520; *Kimel*, 528 U.S. at 88; *Bd. Of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 368 (2001); *Nw. Austin*, 573 F. Supp. 2d at 265. In fact, if such discovery were permissible, then Shelby County would be entitled to conduct third-party discovery to ascertain whether non-covered jurisdictions should be subject to preclearance based on their history of voting rights violations. *See* Reply at 13 n.2.

6.      Finally, although Defendant-Intervenors do not contest Shelby County's standing, they echo the Attorney General's assertion that, "[w]ithout discovery, Defendant-Intervenors would be unable to test the veracity" of the affidavit submitted in support of Shelby County's summary judgment motion. Defendant-Intervenors Opp. at 12. But "[w]here . . . [the party] offers no reason to doubt [the affiant's] veracity, discovery under Rule 56(f) may not be used to test [his] credibility." *Citizens for Responsibility and Ethics in Washington v. Leavitt*, 577 F. Supp. 2d 427, 434 (D.D.C. 2008) (Bates, J.); *Strang v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989) ("Without some reason to question the veracity of [the] affiants[,] . . . [plaintiff's] desire to 'test and elaborate' affiants' testimony falls short."). Here, there can be no reasonable dispute as to the veracity of the affiant's statements, which were

merely included to buttress Shelby County's self-evident standing to challenge the constitutionality of Section 5 and Section 4(b).

\* \* \*

For the foregoing reasons, Shelby County respectfully requests that this Court deny the Defendant-Intervenors' request for discovery pursuant to Federal Rule of Civil Procedure 56(f) and order them to promptly respond on the merits to Shelby County's Motion for Summary Judgment to the extent that such a response is not duplicative of the Attorney General's substantive response thereto.

Dated: September 10, 2010

Respectfully submitted,

/s/ William S. Consovoy

Bert W. Rein (D.C. Bar No. 067215)
William S. Consovoy\* (D.C. Bar No. 493423)
Thomas R. McCarthy (D.C. Bar No. 489651)
Brendan J. Morrissey (D.C. Bar No. 973809)
WILEY REIN LLP
1776 K Street, NW
Washington, DC  20006
Tel.: (202) 719-7000
Fax: (202) 719-7049

Frank C. Ellis, Jr.
WALLACE, ELLIS, FOWLER & HEAD
113 North Main Street
Columbiana, AL  35051
Tel.: (205) 669-6783
Fax: (205) 669-4932

\* *Counsel of Record*