IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHELBY COUNTY, ALABAMA, )<br><br>Plaintiff, )<br><br>v. )<br><br>ERIC H. HOLDER, Jr.,<br>in his official capacity as<br>Attorney General of the<br>United States, )<br><br>Defendant ) | Civil Action No.<br>1:10-cv-00651-JDB |

Supplemental Declaration of Robert S. Berman

I, Robert S. Berman, pursuant to 28 U.S.C. 1746, declare as follows:

1. I am an attorney who currently serves as a Deputy Chief in the Voting Section of the Civil Rights Division of the United States Department of Justice. I have supervisory responsibility for the administrative review of voting changes submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act of 1965, 42 U.S.C. 1973c. I have been employed as an attorney in the Department of Justice for 32 years with over 20 years of service in the Voting Section.

2. I have personal knowledge of the information contained in this declaration based upon my review of relevant records maintained by the Department of Justice, as well as my professional experience with, and personal knowledge of, Department of Justice policies and procedures.

**Bailout History**

3.  The Voting Rights Act of 1965 included a bailout provision that permitted jurisdictions covered by Section 4 to seek to terminate their coverage by bringing a declaratory judgment action in this court.  Voting Rights Act of 1965, Pub. L. No. 89-110, § 4(a), 79 Stat. 438.

4.  In 1982, Congress amended the bailout provision, substantially expanding the opportunity for covered jurisdictions to terminate coverage.  Voting Rights Act Amendments of 1982, Pub. L. No. 97-205, § 2(b)(2), 96 Stat. 131.  The new bailout standard became effective on August 5, 1984. *Ibid.*

5.  In *Northwest Austin Mun. Util. Dist. No. One v. Holder*, 129 S. Ct. 2504, 2514 (2009), the Supreme Court adopted a still "broader reading of the bailout provision."  The Court's reading permits covered subjurisdictions, rather than covered counties and states exclusively, to petition for bailout from Section 4 coverage.

6.  There were 23 bailout cases filed prior to August 5, 1984.  Those cases are listed, in chronological order, in Attachment A.

7.  There have been 21 bailout cases filed by political subdivisions since August 5, 1984, when the new bailout standard went into effect.  The United States consented to bailout in each case.  Those cases are listed, in chronological order, in Attachment A.

**Current Bailout Investigations**

8.  The Voting Section is currently investigating numerous potential bailouts.  Those bailout investigations were initiated after the jurisdictions involved contacted the Department of Justice.

2

9.   Those bailout investigations span six states and involve a variety of types of

governmental units.


    I declare under penalty of perjury that the foregoing is true and correct.  Executed this

14th day of January 2011.

Robert S. Berman

3

# ATTACHMENT A

Bailout Cases Before August 5, 1984

1. *Alaska v. United States*, No. 101-66 (D.D.C. Aug. 17, 1966) (U.S. consented to judgment) (state later partially re-covered based on new coverage determinations after 1970 VRA amendments, and fully re-covered based on new coverage determinations after 1975 VRA amendments);

2. *Apache County v. United States*, 256 F. Supp. 903 (D.D.C. 1966) (Apache, Coconino, and Navajo Counties) (Arizona) (U.S. consented to judgment) (counties later re-covered based on new coverage determinations after both 1970 and 1975 VRA amendments);

3. *Elmore County v. United States*, No. 320-66 (D.D.C. Sept. 22, 1966) (Idaho) (U.S. consented to judgment) (county later re-covered based on new coverage determinations after 1970 VRA amendments);

4. *Wake County v. United States*, No. 1198-66 (D.D.C. Jan. 23, 1967) (North Carolina) (U.S. consented to judgment);

5. *Gaston County v. United States*, 288 F. Supp. 678 (D.D.C. 1968), *aff'd*, 395 U.S. 285 (1969) (North Carolina) (bailout denied);

6. *Nash County v. United States*, No. 1702-66 (D.D.C. Sept. 26, 1969) (North Carolina) (county stipulated to dismissal in wake of Gaston County decision);

7. *Alaska v. United States*, No. 2122-71 (D.D.C. Mar. 10, 1972) (election districts 8 (Anchorage), 11 (Kodiak), 12 (Aleutian islands), and 16 (Fairbanks-Fort Yukon)) (U.S. consented to judgment) (state later fully re-covered based on new coverage determinations after 1975 VRA amendments);

8. *New York v. United States*, No. 2419-71 (D.D.C. Apr. 13, 1972), *aff'd on other grounds sub nom. NAACP v. New York*, 413 U.S. 345 (1973) (Bronx, Kings, and New York Counties) (U.S. consented to judgment); termination of coverage rescinded (Orders of Jan. 10 and Apr. 30, 1974), *aff'd mem.* 419 U.S. 888 (1974) (counties re-covered by D.D.C. on motion of U.S. based on a finding in related case, *Torres v. Sachs*, 381 F. Supp. 309 (S.D.N.Y. 1974), that counties had used discriminatory test or device) (Bronx and Kings Counties were later covered a second time based on new coverage determinations after 1975 VRA amendments);

9. *Virginia v. United States*, 386 F. Supp. 1319 (D.D.C. 1974), *aff'd*, 420 U.S. 901 (1975) (bailout denied);

10. *Yuba County v. United States*, No. 75-2170 (D.D.C. May 25, 1976) (California) (Jurisdiction dismissed action);

11. *New Mexico v. United States*, No. 76-0067 (D.D.C. July 30, 1976) (Curry, McKinley, and Otero Counties) (U.S. consented to judgment);

12. *Maine v. United States*, No. 75-2125 (D.D.C. Sept. 17, 1976) (Towns of Cadwell, Limestone, Ludlow, Nashville, Reed, Woodland, Connor, New Gloucester, Sullivan, Winter Harbor, Chelsea, Sommerville, Carroll, Charleston, Webster, Waldo, Beddington, and Cutler) (U.S. consented to judgment);

13. *El Paso County v. United States*, No. 77-0815 (D.D.C. Nov. 8, 1977) (Colorado) (Jurisdiction dismissed action);

14. *Choctaw and McCurtain Counties v. United States*, No. 76-1250 (D.D.C. May 12, 1978) (Oklahoma) (U.S. consented to judgment);

15. *Alaska v. United States*, No. 78-0484 (D.D.C. May 10, 1979) (Jurisdiction dismissed action);

16. *City of Rome v. United States*, 472 F. Supp. 221 (D.D.C. 1979), *aff'd*, 446 U.S. 156 (1980) (bailout denied);

17. *Campbell County v. United States*, No. 82-1862 (D.D.C. Dec. 17, 1982) (Wyoming) (U.S. consented to judgment);

18. *Massachusetts v. United States*, No. 83-0945 (D.D.C. Sept. 29, 1983) (Towns of Amherst, Ayer, Belchertown, Bourne, Harvard, Sandwich, Shirley, Sunderland, and Wrentham) (U.S. consented to judgment);

19. *Alaska v. United States*, No. 84-1362 (D.D.C. May 1, 1984) (Jurisdiction dismissed action);

20. *Connecticut v. United States*, No. 83-3103 (D.D.C. June 21, 1984) (Towns of Groton, Mansfield, and Southbury) (U.S. consented to judgment);

21. *Board of County Commissioners v. United States*, No. 84-1626 (D.D.C. July 30, 1984) (El Paso County, Colorado) (U.S. consented to judgment);

22. *Waihee v. United States*, No. 84-1694 (D.D.C. July 31, 1984) (Honolulu County, Hawaii) (U.S. consented to judgment); and

23. *Idaho v. United States*, No. 82-1778 (D.D.C. July 31, 1984) (Elmore County) (U.S. consented to judgment).

Bailout Cases After August 5, 1984

1. *City of Fairfax v. Reno*, No. 97-02212 (D.D.C. Oct. 21, 1997) (including the City of Fairfax School Board) (Virginia) (U.S. consented to judgment);

2. *Frederick County v. Reno*, No. 99-00941 (D.D.C. Sept. 10, 1999) (including the Frederick County School Board; the Towns of Middletown and Stephens City; and the Frederick County Shawneeland Sanitary District) (Virginia) (U.S. consented to judgment);

3. *Shenandoah County v. Reno*, No. 99-00992 (D.D.C. Oct. 15, 1999) (including the Shenandoah County School Board; the Towns of Edinburg, Mount Jackson, New Market, Strasburg, Toms Brook, and Woodstock; the Stoney Creek Sanitary District; and the Toms Brook-Maurertown Sanitary District) (Virginia) (U.S. consented to judgment);

4. *Roanoke County v. Reno*, No. 00-01949 (D.D.C. Jan. 24, 2001) (including the Roanoke County School Board and the Town of Vinton) (Virginia) (U.S. consented to judgment);

5. *City of Winchester v. Reno*, No. 00-03073 (D.D.C. June 1, 2001) (Virginia) (U.S. consented to judgment);

6. *City of Harrisonburg v. Reno*, No. 02-00289 (D.D.C. Apr. 17, 2002) (including the Harrisonburg City School Board) (Virginia) (U.S. consented to judgment);

7. *Rockingham County v. Reno*, No. 02-00391 (D.D.C. May 24, 2002) (including the Rockingham County School Board and the Towns of Bridgewater, Broadway, Dayton, Elkton, Grottoes, Mt. Crawford, and Timberville) (Virginia) (U.S. consented to judgment);

8. *Warren County v. Ashcroft*, No. 02-01736 (D.D.C. Nov. 26, 2002) (including the Warren County School Board and the Town of Front Royal) (Virginia) (U.S. consented to judgment);

9. *Greene County v. Ashcroft*, No. 03-01877 (D.D.C. Jan. 19, 2004) (including the Greene County School Board and the Town of Standardsville) (Virginia) (U.S. consented to judgment);

10. *Pulaski County v. Gonzales*, No. 05-01265 (D.D.C. Sept. 27, 2005) (including the Pulaski County School Board and the Towns of Pulaski and Dublin) (Virginia) (U.S. consented to judgment);

11. *Augusta County v. Gonzales*, No. 05-01885 (D.D.C. Nov. 30, 2005) (including the Augusta County School Board and the Town of Craigsville) (Virginia) (U.S. consented to judgment);

12. *City of Salem v. Gonzales*, No. 06-00977 (D.D.C. July 27, 2006) (Virginia) (U.S. consented to judgment);

13. *Botetourt County v. Gonzales*, No. 06-01052 (D.D.C. Aug. 28, 2006) (including the Botetourt County School Board and the Towns of Buchanan, Fincastle, and Troutville) (Virginia) (U.S. consented to judgment);

14. *Essex County v. Gonzales*, No. 06-01631 (D.D.C. Jan. 31, 2007) (including the Essex County School Board and the Town of Tappahannock) (Virginia) (U.S. consented to judgment);

15. *Middlesex County v. Gonzales*, No. 07-01485 (D.D.C. Jan. 7, 2008) (including the Middlesex County School Board and the Town of Urbanna) (Virginia) (U.S. consented to judgment);

16. *Amherst County v. Mukasey*, No. 08-00780 (D.D.C. Aug. 13, 2008) (including the Town of Amherst) (Virginia) (U.S. consented to judgment);

17. *Page County v. Mukasey*, No. 08-01113 (D.D.C. Sept. 15, 2008) (including the Page County School Board and the Towns of Luray, Stanley, and Shenandoah) (Virginia) (U.S. consented to judgment);

18. *Washington County v. Mukasey*, No. 08-01112 (D.D.C. Sept. 23, 2008) (including the Washington County School Board and the Towns of Abington, Damascus, and Glade Spring) (Virginia) (U.S. consented to judgment);

19. *Northwest Austin Municipal Utility District Number One v. Mukasey*, No. 06-01384 (D.D.C. Nov. 3, 2009) (Texas) (U.S. opposed on ground that jurisdiction was not a political subdivision and bailout was denied on that ground by D.D.C. on May 30, 2008. On appeal, the Supreme Court reversed on that ground on June 22, 2009, and held that the jurisdiction was a political subdivision. On remand, the U.S. consented to judgment.);

20. *City of Kings Mountain v. Holder*, No. 10-01153 (D.D.C. Oct. 22, 2010) (North Carolina) (U.S. consented to judgment); and

21. *City of Sandy Springs v. Holder*, No. 10-01502 (D.D.C. Oct. 26, 2010) (Georgia) (U.S. consented to judgment).