**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHELBY COUNTY, ALABAMA<br><br>                    Plaintiff,<br>          v.<br><br>ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States of America,<br><br>                    Defendant,<br><br>EARL CUNNINGHAM, HARRY JONES, ALBERT JONES, ERNEST MONTGOMERY, ANTHONY VINES and WILLIAM WALKER,<br><br>                    Defendant-Intervenors,<br><br>BOBBY PIERSON, WILLIE GOLDSMITH SR., KENNETH DUKES, MARY PAXTON-LEE, and ALABAMA STATE CONFERENCE OF THE NAACP,<br><br>                    Defendant-Intervenors,<br><br>and<br><br>BOBBY LEE HARRIS,<br><br>                    Defendant-Intervenor. | Civil Action No. 1:10-CV-651<br>(JDB) |

**DEFENDANT-INTERVENORS' MEMORANDUM IN OPPOSITION
TO SHELBY COUNTY'S MOTION FOR ATTORNEY'S FEES**

Defendant-Intervenors Earl Cunningham, *et al.*, Bobby Pierson, *et al.*, and Bobby Lee Harris respectfully submit this memorandum in opposition to Plaintiff Shelby County's Motion for Attorney's Fees (Doc. 94).

As a threshold matter, Shelby County is not eligible for an award of attorney's fees or expenses pursuant to the fee-shifting statute upon which the County relies, 42 U.S.C. § 1973*l*(e).

That statute allows for awards in cases brought "to enforce the voting guarantees of the fourteenth or fifteenth amendment" (the "Reconstruction Amendments"). Shelby County, however, brought this litigation to enforce other constitutional guarantees, namely the Tenth Amendment and Article IV, not the "voting guarantees" of the Reconstruction Amendments. Indeed, the whole point of Shelby County's lawsuit was to *limit* the application of the Reconstruction Amendments.

Second, even if Shelby County qualifies for an award under § 1973*l*(e), an award may not entered against Defendant-Intervenors. The Supreme Court has held that, except in limited circumstances not present here, fees and expenses may not be awarded against intervening defendants under a civil rights fee-shifting statute.[1]

## I. SHELBY COUNTY IS NOT ELIGIBLE FOR AN AWARD OF FEES AND EXPENSES UNDER THE VOTING RIGHTS ACT

Shelby County predicates its request for attorney's fees and expenses on Section 14(e) of the Voting Rights Act, 42 U.S.C. § 1973*l*(e). That section provides: "In any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

Shelby County is not eligible for an award under Section 14(e) because its lawsuit did not seek to ensure compliance with the "voting guarantees" of the Fourteenth and Fifteenth Amendments. The Equal Protection Clause of the Fourteenth Amendment has long been interpreted as prohibiting racial discrimination in voting. *E.g.*, *Rogers v. Lodge*, 458 U.S. 613 (1982); *White v. Regester*, 412 U.S. 755 (1973). And the Fifteenth Amendment, by its terms,

---

[1] Pursuant to this Court's November 5, 2013 Order (Doc. 98), this memorandum addresses "whether Shelby County has any legal entitlement to an award of attorney's fees and costs," and does not address the amount that may be awarded if the Court rules in favor of Shelby County on the entitlement question.

provides that "[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." Here, Shelby County did not argue in this lawsuit, and the Supreme Court did not hold, 133 S. Ct. 2612 (2013), that Congress violated (or otherwise failed to comply with) the "voting guarantees" of these Amendments by engaging in racial discrimination in voting or otherwise violating the right to vote of any citizen.

Instead, Shelby County filed suit to enforce the guarantees of other provisions of the Constitution relating to state sovereignty, namely the Tenth Amendment and Article IV, *against* Congress' efforts to enforce the Fourteenth and Fifteenth Amendments. This was made clear from the outset in Shelby County's Complaint. Doc. 1.[2] Shelby County reiterates its state-sovereignty objective in its current Memorandum of Points and Authorities (Doc. 94-1), although (for reasons not explained) it now omits any specific reference to the Tenth Amendment or Article IV. Likewise, the Supreme Court ruled unconstitutional Congress' reauthorization of Section 5's geographic coverage provisions, 42 U.S.C. § 1973b, based on Tenth Amendment considerations, 133 S. Ct. at 2623, and the "fundamental principle of equal sovereignty among the States." *Id.* (emphasis and internal quotation marks omitted).

The legislative history of Section 14(e) underscores the conclusion that Shelby County is not eligible for an award of fees and expenses. In enacting Section 14(e), Congress explained that attorney's fees awards are "appropriate in voting rights cases because there, as in employment and public accommodations cases, and other civil rights cases, Congress depends

---

[2] Count I of the (two-count) Complaint (¶ 37) alleged that "[t]he 'preclearance' obligation of Section 5 exceeds Congress's enforcement authority under the Fourteenth and Fifteenth Amendments and, therefore, violates the Tenth Amendment and Article IV of the Constitution." Count II (¶ 41) alleged that "[t]he [coverage] formula set forth in Section 4(b) of the VRA . . . exceeds Congress's enforcement authority under the Fourteenth and Fifteenth Amendments and, therefore, violates the Tenth Amendment and Article IV of the Constitution."

heavily upon private citizens to enforce the fundamental rights involved." S. Rep. No. 94-295, at 40 (1975) ("1975 Senate Report"). *See also Donnell v. United States*, 682 F.2d 240, 245-46 (D.C. Cir. 1982) (citing with approval to the 1975 Senate Report's explanation of the congressional intent underlying Section 14(e)); *see also id.* at 246 ("the legislative history of section[] 1973*l*(e) . . . emphasizes over and over again the critical goal of enabling private citizens to serve as 'private attorneys general' in bringing suits to vindicate the civil rights laws."). Shelby County's lawsuit was brought to vindicate constitutional interests of States, and was not a "voting rights case[]," and was not brought "to vindicate the civil rights laws."

Thus, the County's reliance on Section 14(e) is misplaced. The County's motion essentially seeks to fit a square peg into a round hole, by attempting to characterize its suit to restrain Congress' exercise of authority under the Reconstruction Amendments as a suit "to enforce . . . voting guarantees."

## II. SHELBY COUNTY MAY NOT RECOVER ATTORNEY'S FEES OR EXPENSES FROM DEFENDANT-INTERVENORS

Should the Court conclude that Shelby County qualifies for an award of fees and expenses under Section 14(e), the Court, nonetheless, should not enter any award against Defendant-Intervenors.

The Supreme Court, almost a quarter century ago, held that the fee-shifting provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k), does not authorize attorney's fees awards against a losing defendant-intervenor except in the limited circumstance "where the intervenors' action was frivolous, unreasonable, or without foundation." *Ind. Fed. of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989).[3] Examining the question presented "in light of

---

[3] That statute provides that"[i]n any action or proceeding under [Title VII] the court, in its discretion, may allow the prevailing party, other than the [Equal Employment Opportunity] Commission or the United States, a reasonable attorney's fee . . . as part of the costs . . . ."

the competing equities that Congress normally takes into account" in enacting fee-shifting provisions, *id.* at 761, the Court held that the standard enunciated in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978), that limits fee awards in civil rights cases when requested by a prevailing defendant, also applies to a request by a prevailing plaintiff against a defendant-intervenor. The Court cited several policy reasons for this conclusion. First, "[a]ssessing fees against blameless intervenors . . . is not essential to th[e] purpose" underlying the Title VII fee-shifting statute (*i.e.*, to advance the national policy against employment discrimination), since "[i]n every lawsuit in which there is a prevailing Title VII plaintiff there will also be a losing defendant who has committed a legal wrong" and against whom fees may be sought. 491 U.S. at 761. Second, "even if the inability generally to recover fees against intervenors did create some marginal disincentive against Title VII suits, we would still have to weigh that against other considerations . . . Foremost among these is the fact that . . . losing intervenors . . . have not been found to have violated anyone's civil rights." *Id.* at 762. Finally, the Court emphasized that defendant-intervenors are not "disfavored participants in Title VII proceedings," *id.* at 763, since they may seek to advance important interests not fully addressed by the named defendant.

The holding in *Zipes* fully applies to Shelby County's request under Section 14(e). Congress patterned Section 14(e) on the Title VII fee-shifting provision – the texts of the two statutes are nearly identical – and instructed that "[i]t is intended that the standards for awarding fees under [Section 14(e)] be generally the same as under the fee provisions of the 1964 Civil Rights Act." 1975 Senate Report, at 40.[4] Moreover, the policy considerations relied upon by the Supreme Court in *Zipes* apply with equal force to this case: it "is not essential" that Shelby County be able to pursue an award of fees and expenses against Intervenors since the County

---

[4] The Supreme Court also has observed that "fee-shifting statutes' similar language is a strong indication that they are to be interpreted alike." *Zipes*, 491 U.S. at 758 n.2 (internal quotation marks omitted).

may seek (and is seeking) an award against the government; Defendant-Intervenors did not violate any law; and voters of color and organizations representing these voters – such as the Intervenors in this litigation – play an important role in voting cases, particularly those that have dealt with Section 5 of the Voting Rights Act, and thus frequently have been allowed to intervene.  See, *e.g.*, cases collected in the motions to intervene filed in this litigation by Intervenors Cunningham, *et al*. (Doc. 6 at 5-7), Intervenors Pierson *et al*. (Doc. 9 at 4-5), and Intervenor Harris (Doc. 18, at 10-11).

Accordingly, even if Shelby County qualifies for an award of fees and expenses under Section 14(e), the County may not recover against Intervenors.  To do so, this Court would need to find that Defendant-Intervenors' defense of Section 5's geographic coverage formula was "frivolous, unreasonable, or without foundation." *Zipes*, 491 U.S. at 761.  Shelby County has not argued that this standard is satisfied, and clearly it could not, given that this Court, 811 F. Supp. 2d 424, 508 (2011), the Court of Appeals, 679 F.3d 848, 883 (2012), and four Justices of the Supreme Court, 133 S. Ct. at 2643-44, agreed with Intervenors that the coverage formula is constitutional.

## CONCLUSION

For the reasons set forth above, Defendant-Intervenors respectfully urge this Court to deny Shelby County's Motion for Attorney's Fees.

December 6, 2013                                   Respectfully submitted,

/s/ Mark A. Posner_____
JON M. GREENBAUM (D.C. Bar No. 489887)
ROBERT A. KENGLE
MARK A. POSNER (D.C. Bar No. 457833)
Lawyers' Committee for Civil Rights
 Under Law
 1401 New York Avenue, NW

    Suite 400
    Washington, DC 20005
    Tel. (202) 662-8325
    Fax (202) 783-0857
    mposner@lawyerscommittee.org

JOHN M. NONNA
Patton Boggs LLP
  1185 Avenue of the Americas
  30th Floor
  New York, NY 10036
  Tel. (646) 557-5172

Attorneys for Defendant-Intervenor Harris

*Filed with permission*
LAUGHLIN MCDONALD
American Civil Liberties Union
  Foundation, Inc.
  125 Broad St.
  New York, NY 10004
  Tel. (212) 549-2693
  lmcdonald@aclu.org

ARTHUR B. SPITZER (D.C. Bar. No.
  235960)
 American Civil Liberties Union of the
  Nation's Capital
   1400 20th Street, N.W., Suite 119
   Washington, DC 20036
   Tel. (202) 457-0800
   artspitzer@aol.com

Attorneys for Defendant-Intervenors
Pierson, *et al*.


*Filed with permission*
SHERRILYN IFILL
  Director-Counsel
RYAN P. HAYGOOD (D.C. Bar # NY0141)
NATASHA M. KORGAONKAR
LEAH C. ADEN
NAACP Legal Defense and
  Educational Fund, Inc.
  40 Rector Street, 5th Floor

        New York, New York 10006
        Tel. (212) 965-2200
        rhaygood@naacpldf.org

Attorneys for Defendant-Intervenors
Cunningham *et al.*

## Certificate of Service

I certify that on December 6, 2013 I electronically served the foregoing memorandum on counsel of record through the Court's CM/ECF system.

        s/ Mark A. Posner_____